(No. 15492.—Reversed and remanded.)
TRUSTEES OF SCHOOLS *et al*. Appellees, *vs*. NORMAN C.
HOYT, Appellant.

*Opinion filed December 19, 1923—Rehearing denied April 2, 1924.*

1. EMINENT DOMAIN—*land owner may raise question of peti-*
*tioner's right without a plea or answer—burden of proof.* The
owner of land which is sought to be condemned by the exercise
of the power of eminent domain may question the petitioner's right
without filing a plea or answer to the petition, as the question
whether the statutory conditions authorizing the exercise of the
power exist is for the court to determine, and the burden of prov-
ing their existence is on the petitioner.

2. SCHOOLS—*petition by one-fifth of legal voters is a condition*
*precedent to calling election to purchase school house site under law*
*of 1919.* Under section 127 of the School law as it existed prior
to July 1, 1923, a petition signed by not less than five hundred legal
voters or by one-fifth of all the legal voters of the district is a
condition precedent to the exercise of the power of the board of
education to call an election for the purpose of authorizing the pur-
chase or location of a school house site.

3. SAME—*petitioners to condemn a site for school house must*
*show filing of petition authorizing election to select site.* The bur-
den is on petitioners who seek to condemn a site for the location
of a school house to show that the statutory petition of the re-
quired number of legal voters was filed authorizing the election
for the selection and purchase of the site, and such showing is not
made by the mere recital of the fact in the statutory petition it-
self or in the resolution calling the election, nor by affidavit that
the petition contained the required number of genuine signatures,
where no facts are stated in the affidavit upon which the affiant
bases his knowledge and belief.

THOMPSON, J., dissenting.

APPEAL from the County Court of Champaign county;
the Hon. ROY C. FREEMAN, Judge, presiding.

GREEN & PALMER, (HENRY I. GREEN, ORIS BARTH, and
CHARLES G. HOWARD, of counsel,) for appellant.

F. E. WILLIAMSON, R. E. WINKELMANN, O. M. JONES, and A. R. HALL, (JONES & LEVIN, and HALL & HOLADAY, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The trustees of schools of township No. 19, north, range 10, east of the third principal meridian, in Champaign county, and the board of education of the St. Joseph Community High School District No. 305, in Champaign county, filed a petition in the county court of that county to condemn for a school house site a tract of land owned by Norman C. Hoyt. On a trial the jury fixed the compensation to be paid at $4900, and a judgment was rendered authorizing the school district to take possession of the land upon the payment of that sum, from which the land owner appealed.

The appellant objected to the condemnation because, as he alleged, the petitioners had not taken the action required by law to enable them to purchase or locate a school house site. Section 127 of the School law, when these proceedings occurred, before July 1, 1923, (Laws of 1919, p. 926,) authorized the board of education to purchase a site for a school house, with necessary grounds, *"Provided, however,* that it shall not be lawful for such school board of education to purchase or locate a school house site, or to purchase, build or move a school house, unless authorized by a majority of all the votes cast at an election called for such purpose in pursuance of a petition signed by not fewer than five hundred legal voters of such district, or by one-fifth of all the legal voters of such district." Such an election was therefore required as a basis for the authority of the petitioners to condemn, and a necessary preliminary to the election was a petition signed as required by the statute. There was a hearing by the court on the issue made by the defendant's objection, which was found in favor of the

petitioners. Pleas were filed though they were unnecessary, since the land owner may raise the question of the petitioners' right to exercise the power of eminent domain without plea or answer. The question whether the statutory conditions authorizing the exercise of the power exist is for the court to determine and the burden of proving their existence is on the petitioner. (*Ward* v. *Minnesota and North-western Railroad Co.* 119 Ill. 287; *Lieberman* v. *Chicago Rapid Transit Railroad Co.* 141 id. 140; *O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 id. 151.) The foundation of the right to call an election for the purpose of authorizing the purchase or location of a school house site is the petition required by the statute, signed by five hundred legal voters, or one-fifth of the legal voters of the district, and the filing of such a petition is a condition precedent to the exercise of the power by the board of education to call the election. It was essential, therefore, that the record should show the filing of such petition. The evidence which was introduced on this question consisted of a petition bearing a number of signatures less than five hundred, an affidavit in regard to the signatures, and the minutes of the board of education. The petition began with the recital, "We, the undersigned legal voters of the St. Joseph Community High School District No. 305, in Champaign county, in the State of Illinois, constituting at least one-fifth of all the legal voters of such non-high-school district, do hereby respectfully petition," etc. This recital was not evidence that the signers of the petition were one-fifth of the legal voters of the district. (*Mc-Keown* v. *Moore,* 303 Ill. 448.) The affidavit states that the affiant is above the age of twenty-one years, a resident of S⁺ Joseph Community High School District and well acquainted in the district; that the signatures to the petition are the genuine signatures and were all signed in the presence of the affiant; that to the best of his knowledge

and belief the persons so signing said petition were at the time of signing said petition, and are in fact, legal voters of said high school district, and that the persons so signing constitute at least one-fifth of all the legal voters of such high school district. This affidavit, if it is admissible for the purpose of proving the signatures to the petition, is not evidence that the signers of the petition were one-fifth of all the legal voters of the district. It does not state that the persons signing the petition were legal voters of the district, but merely that to the best of affiant's knowledge and belief the persons were and are legal voters of the district, without showing that he had any knowledge on the subject. It cannot be assumed that a resident of the district over twenty-one years of age, though well acquainted in the district, has a knowledge of all the voters of the district, and the affidavit does not state that the affiant has such knowledge or what is the extent of his knowledge, and contains no statement of facts from which it can be inferred that the affiant had such knowledge or on which his belief is based.

The minutes of the board of education contained no finding on the question. The resolution adopted calling the election begins with the recital, "Whereas, a petition duly signed, requesting the board of education of the St. Joseph Community High School District No. 305, in Champaign county, in the State of Illinois, to call an election to vote on the propositions to purchase a school house site and to locate a school house site for said high school district has been presented to this board of education," etc. This is not a finding by the board that the petition was signed by five hundred legal voters or one-fifth of all the legal voters of the district. Before the board was authorized to act it was essential that it should find this fact. The recital that due notice was given is a mere conclusion of law. The facts must be stated from which the court is able to say

that the conclusion is true. (*Highway Comrs.* v. *Smith,* 217 Ill. 250.) There is no legal evidence in the record that the petition was signed either by five hundred legal voters or by one-fifth of all the voters in the district.

Since it does not appear that the statutory requirement of a petition by the requisite number of voters was filed with the board of education before the election was called, the board was without power to call the election and the election was therefore void. The court should have sustained the objection of the appellant to the petition.

Other questions are raised on the record, but as the lack of power to call the election is fatal to the proceeding and the questions are not such as will arise in another proceeding it is unnecessary to consider them.

The judgment of the county court will be reversed and the cause will be remanded, with directions to dismiss the petition.

*Reversed and remanded, with directions.*

Mr. Justice Thompson, dissenting.