GEORGE B. PHENICIE et al. Plaintiffs in Error, vs. THE BOARD OF EDUCATION OF ST. JOSEPH COMMUNITY HIGH SCHOOL DISTRICT NO. 305 et al. Defendants in Error.

*Opinion filed April 20, 1927—Rehearing denied June 15, 1927.*

1. SCHOOLS—*records of school board may be amended to show proper election.* The records of a school board may be amended at any time to show the proper calling of elections to select and purchase a school site and to build a school house, and the amendment may be made after the holding of such elections or after *quo warranto, certiorari* or other proceedings have been instituted and decided, and when such records are properly amended they speak as of the day when the proceedings were in fact had, and they cannot be contradicted by parol evidence.

2. SAME—*when records of school board may be amended after decisions of Supreme Court.* Under the rule that the records of a school board may be amended at any time to show the proper calling of elections to select and purchase a school site and to build a school house, in the absence of estoppel arising by judgment or otherwise, such records may be amended, in an injunction proceeding, to show the facts even after a judgment of the Supreme Court reversing a judgment of the trial court for condemnation of the school site on the ground that the board's records did not show that the petition for election was signed by the required number of voters, and even after affirmance of the trial court's judgment, on remandment, that the records could not be amended in the condemnation proceeding, the second holding being that the trial court properly dismissed the condemnation petition pursuant to the remanding order.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

GREEN & PALMER, (HENRY I. GREEN, GEORGE E. MARTIN, and ORIS BARTH, of counsel,) for plaintiffs in error.

O. M. JONES, A. R. HALL, F. E. WILLIAMSON, and R. E. WINKELMANN, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiffs in error, property owners and tax-payers residing in St. Joseph Community High School District No. 305, in Champaign county, filed a bill for injunction in the circuit court of that county on July 6, 1925, against the board of education of the community high school district, the township treasurer of township 19 north, range 10 east of the third principal meridian, and the county clerk and county treasurer of Champaign county. By the bill it is sought to have a decree entered finding and declaring that the community high school district has not been authorized to purchase or locate a school house site or to build a school house, and that it is without authority of law to enter into any contracts or obligations binding on the tax-payers of the district for the purpose of purchasing a school house site or building a school house; that the elections held in the district on July 26, 1922, January 6, 1923, and March 10, 1923, for the purposes of authorizing the location and purchase of a school house site, to build a school building and to issue bonds of the district to pay for the same, are void; that the expenditure of funds to pay for a school house site and for the construction of a school building or any material therefor be enjoined, and that the county clerk and the county treasurer of the county be enjoined from expending and collecting such taxes, etc. An answer to the bill was filed on behalf of all the defendants. A hearing was had before the court upon the admission in the answer of certain facts alleged in the bill and a stipulation of other facts by the parties, and a decree was entered dismissing the bill for want of equity. From that decree this writ of error is prosecuted.

The facts in the record stipulated and admitted in the answer to the bill are in substance the following:

The school district is a legally organized district, as held by this court in *People* v. *Walker,* 305 Ill. 477. The minutes of the school board aforesaid, as amended by the

board on February 17, 1923, show that at a meeting of the school board on July 15, 1922, an election was called in pursuance of a petition filed by 226 voters of the district, which election was held July 26, 1922, for the purpose of authorizing the location and purchase of a school house site; that a majority of all the votes cast at the election was in favor of purchasing a building site, but no site voted on received a majority of all the votes cast because some of the voters did not vote on the proposition of selecting a site; that the school board then selected the site known as the Hoyt site for the school building, it being the site that received the greater number of votes; that the election was called for July 26, 1922, at the request of the petitioners and was held at the town hall in the village of St. Joseph, in the district, from seven A. M. to five P. M.; that ten days' notice of the election was given by the school board by causing notices of such election to be posted in ten of the most public places in the district as required by the statute, the record describing those places; that proper ballots were prepared and furnished at the election with the proper descriptions of the building sites to be voted on and with proper propositions printed to be voted on by the voters, one of the propositions being for or against purchasing a site and the other on the selection of what was known as the McCown site, or the Hoyt site; that two members of the board of education were appointed as judges and one of the members was appointed as clerk of the election and the election was held according to law; that at the meeting of the board on July 15, 1922, the board, after full consideration of the petition filed by the voters of the district, ascertained and determined that the petition was signed by 226 persons who lived within the district; that each and all of them were legal voters of the district; that the 226 legal voters constituted and were more than one-fifth of all the legal voters in the district, and that the petition did in every respect comply with the law.

The minutes of the school board as amended at a board meeting on March 19, 1923, show that a petition was filed with its secretary on December 26, 1922, by 226 voters of the district, requesting the board to call an election to vote on the proposition for building a school house; that at the board's meeting on December 26, 1922, it ascertained and determined that the petition was signed by 226 persons who lived within the district, that all of them were legal voters in the district and constituted more than one-fifth of all the legal voters in the district, and that the petition in every respect complied with the law; that the prayer of the petition was granted and an election was called and held on Saturday, January 26, 1923, as requested by the petitioners; that the election was held at the town hall in the village of St. Joseph, in the district, and that the polls were kept open from seven A. M. until five P. M. The record further shows that the board caused ten days' notice to be given of the election by causing ten notices thereof to be posted in ten of the most public places in the district; that proper ballots and election supplies were provided, and that the election judges and the clerk were appointed to hold the election and that it was conducted in every respect according to law; that at the election 386 votes were cast in favor of the proposition to build a school house and 261 votes against the proposition, and that the proposition to build a school house received a majority of all the votes cast.

The minutes of the school board further show that a petition was filed with the secretary of the board on February 17, 1923, by 240 legal voters of the district, requesting the board to call an election on the proposition of issuing bonds of the district to the amount of $110,000. The petition was presented to the board at its meeting on February 23, 1923, and the board then and there, after full consideration of the petition, ascertained and determined that it was signed by 240 persons, that they were all legal

voters of the district and constituted and were more than one-fifth of all the legal voters in the district, and that the petition in every way complied with the provisions of the law. The prayer of the petition was granted and an election was called and held in the district on Saturday, March 10, 1923, as requested in the petition; that the election was held at the town hall in the village of St. Joseph, in the district; that the polls at such election were to be, and were, kept open from seven A. M. until five P. M.; that the president and the secretary of the board were to, and did, give ten days' notice of the election by causing ten notices thereof to be posted in ten of the most public places in the district, the notices being in proper form. The judges and the clerk were appointed to hold, and did hold, the election after properly preparing ballots and supplies for such election according to law and in a similar manner as at the two previous elections. At the election 380 votes were cast in favor of issuing bonds, the same being a majority of all the votes cast at that election, and 317 votes were cast against the proposition of issuing bonds to the amount aforesaid.

The records of the first two elections did not show all the facts until the meetings of the board for the purpose of amending the minutes of the board. The particular point in which the minutes were deficient was, that they did not show in the first meetings of the board that the board had duly ascertained at those meetings that the petitions filed by the voters were signed by more than one-fifth of the legal voters of the district, etc.

After the elections the trustees of schools of the township and the board of education filed a petition in the county court of said county to condemn for a school house site about half of the tract of land selected by the school board and known as the Hoyt site, owned by Norman C. Hoyt. On a trial the jury fixed the compensation at $4900, and a judgment was rendered authorizing the school dis-

trict to take possession of the land upon payment of that sum. Hoyt prosecuted an appeal from that judgment. This court reversed the judgment and remanded the cause, with directions to dismiss the petition, after rendering the decision in *Trustees of Schools* v. *Hoyt,* 311 Ill. 532, and the bill refers to the opinion in that case and relies on the decision as authority on the proposition that the records of the board of education could not be amended to show any further determination of the school board or facts that did not appear therein at the time the condemnation proceedings were begun in the county court. On January 3, 1923, the board of education caused to be delivered to Lizzie Long $2500 for a deed conveying to the trustees of schools of said township the remainder of the Hoyt site then owned by her, to be held in trust for the use and benefit of the board of education. The stipulation in the record saves to the parties the right to object to any of the facts stipulated as evidence competent to be considered by the court on the hearing.

The general rule as established by the decisions of this court is, that a school board has the right to amend the records of its action at any time so as to make them conform to the real facts. (*People* v. *Hartquist,* 311 Ill. 127; *Same* v. *Same,* 315 id. 228; *People* v. *Zellar,* 224 id. 408; *Board of Education* v. *Trustees of Schools,* 174 id. 510.) The rule is also that such records may be amended at any time after *quo warranto, certiorari* or other proceedings have been instituted and decided or after the calling of an election, and that when so amended the record can not be contradicted by parol, as shown by the above decisions, in the absence of any estoppel arising by judgment or otherwise.

Paragraph 5 of section 127 of the School law, at the time the three elections aforesaid were held, provided that it shall not be lawful for the board of education to purchase or locate a school site, or to purchase, build or move a

school house, unless authorized by a majority of all the votes cast at an election called for such purpose in pursuance of a petition signed by not fewer than 500 legal voters of the district or by one-fifth of all the legal voters of the district. It also provided that if no site shall receive a majority of all the votes cast at such election the board of education may, if in its judgment the public interest requires it, proceed to select a suitable school house site, and the site so chosen by it in such case shall be legal and valid, the same as if it had been determined by a majority of all the votes cast. This paragraph also provided that the site selected by either method shall be the school house site of such district, and that the district shall have the right to take the same for the purpose of a school house site, either with or without the owner's consent, by condemnation or otherwise. The records of the school board amended as aforesaid gave the board the absolute right, under the provisions of the statute, to either purchase or condemn the site selected, unless the decision of this court in *Trustees of Schools* v. *Hoyt, supra,* estops or bars the board in some way from making claim to such right. The records of the board as amended gave it the right and power to borrow money and build a school house and purchase or pay for the site. Where the records of the board of education are properly amended they speak as of the day when the proceedings were in fact had and cannot be contradicted by parol evidence. There is no attempt in this case to contradict the records as amended, but the claim is that the board had no legal right to amend the records concerning the location and selection of the school site and the building of the school house. The ground for that claim is that the board is estopped or prohibited from amending its records by the decisions of this court.

The record in *Trustees of Schools* v. *Hoyt, supra,* simply showed that Hoyt, the appellant, objected to the condemnation of his land on the ground that the petitioners, the

trustees, had not taken the action required by law to enable
them to purchase or locate a school house site. Hoyt based
his contention on the simple fact that the record of the
school board as it then appeared did not show any legal
right to condemn the land. There was a hearing in the
lower court on that issue, and that court held that the rec-
ord of the board did then show such a right to condemn.
This court in reviewing that record held that it was essen-
tial that the record should show a petition was filed with
the board signed by 500 legal voters or one-fifth of the
legal voters of the district, and that that was a condition
precedent to the exercise of the power by the board to
call the election for a location, selection and purchase of a
school site. This court then proceeded to find, simply, that
there was no such a showing in the record of the board.
It then proceeded to find and hold that the recital in the
petition by the legal voters that they constituted at least
one-fifth of all the legal voters of the district was not evi-
dence that they were one-fifth of the legal voters of the dis-
trict. It further found and held that the affidavit, in the
record, of a resident in the district that he was above the
age of twenty-one years, a resident of the district and well
acquainted therein, that the signatures to the petition were
genuine and all signed in his presence, and that to the best
of his knowledge and belief the persons so signing the peti-
tion were at that time, in fact, legal voters and constituted
at least one-fifth of all the legal voters of the district, was
not competent evidence of those facts because made on in-
formation and belief. This court also found that the min-
utes of the board of education contained no sufficient find-
ing on those questions. This court then stated that before
the board was authorized to act it was essential that the
board should find those facts, and that the recital in the
record that due notice was given is a mere conclusion of
law, and that facts must be stated by the board from which
the court is able to say that the conclusion is true. The

conclusion of this court then followed, to the effect that there is no legal evidence in the record that the petition was signed either by 500 legal voters or by one-fifth of all the legal voters in the district, and that for that reason the lower court should have sustained the objections of appellant to the petition to condemn. The judgment was then reversed and the cause remanded, with directions to dismiss the petition. There is no finding by this court in that decision that the petition filed by the board was not, in fact, signed by one-fifth of all the voters of the district. There was no finding or holding in the decision that the board of education would not have the right to thereafter amend its record so as to speak the truth.

On the re-instatement of the cause in the county court the petitioners in the condemnation proceedings moved the court for leave to amend the petition and for another hearing thereon, with leave to introduce further evidence. The defendant made a cross-motion for a judgment dismissing the petition. The court overruled the motion of the petitioners and entered judgment for the defendant, dismissing the petition. On appeal to this court by the trustees this latter judgment of the county court was affirmed in *Trustees of Schools* v. *Hoyt*, 318 Ill. 60. The sole reason for the affirmance of that judgment by this court was that the county court had no jurisdiction to enter any order except the order of this court to dismiss the petition. A number of decisions were cited to the effect that where a judgment has been reversed by this court and the cause is remanded with specific directions, the only question on a second appeal is whether the action of the trial court was in accordance with the mandate and directions of this court. That decision is simply to the effect that no further proceedings could be had on that petition. It was not decided in that case that the board could not amend its record to speak the truth and institute further proceedings to condemn the land for a school site on the filing of a new petition for that

326—6

purpose. The records of the board as amended show the finding by the board that gave it the right and power to call the election to locate, select and purchase or condemn a school site, as the statute giving such authority has been complied with. *Chesney* v. *Moews,* 317 Ill. 111.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*