(No. 16581.—Reversed and remanded.)
THE PEOPLE *ex rel.* Edward Rogers, County Collector, Appellant, *vs.* WILLIAM BOYS, Appellee.

*Opinion filed April 20, 1927—Rehearing denied June 15, 1927.*

TAXES—*school board's records may be amended to show proper calling of elections.* The county collector is entitled to judgment for school taxes for building purposes where the records of the school board, as properly amended, show the proper calling of elections to select and purchase a school site and to build a school house. (*Phenicie* v. *Board of Education, ante,* p. 73, followed.)

APPEAL from the County Court of Champaign county; the Hon. ROY C. FREEMAN, Judge, presiding.

ROY R. CLINE, State's Attorney, O. M. JONES, A. R. HALL, F. E. WILLIAMSON, and R. E. WINKELMANN, for appellant.

GREEN & PALMER, (HENRY I. GREEN, and ORIS BARTH, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county collector of Champaign county made application at the June term, 1924, of the county court of that county for judgment for delinquent taxes for the year 1923. Appellee, William Boys, appeared and filed objections to the taxes levied against his property for the year 1923 by the board of education of St. Joseph Community High School District No. 305, in said county. The board of education levied for that year the sum of $8000 as taxes for educational purposes and $15,000 for building purposes. The county court sustained the objections to the taxes for building purposes, overruled the objections to the taxes for educational purposes, and entered judgment

326—7

for the county collector against the property of Boys for the taxes for educational purposes and against the county collector and in favor of Boys for the taxes for building purposes. From the judgment of the county court sustaining the objections to the taxes for building purposes and entering judgment against appellant this appeal is prosecuted to this court.

The facts on which appellant relied in the county court to sustain his application for a judgment for the taxes for building purposes and on which he relies in this court for a reversal of the judgment are, (1) that at an election on July 26, 1922, legally called and held in the high school district aforesaid, a majority of all votes cast was in favor of purchasing a site for a high school building, and the site was selected in the manner provided by law; (2) at an election on January 6, 1923, a majority of all votes cast was in favor of building a school house; (3) at an election on March 10, 1923, a majority of all votes cast was in favor of issuing bonds of the district to the amount of $110,000; (4) all of said elections were called and held in pursuance of proper and valid petitions signed by more than one-fifth of all of the legal voters of the district; (5) on June 28, 1923, the school board of the district made its annual tax levy of $15,000 for building purposes, the certificate of levy being properly signed by the president and secretary of the board and regularly returned to the proper township treasurer June 29, 1923, and by the treasurer duly returned on same date to and filed with the county clerk of the county; (6) the county clerk spread the taxes so levied upon all the property of the district subject to taxes, and, the same not having been paid, regular steps to collect the same by appellant have been taken by filing the statutory application for judgment and order of sale, etc.

Basing his claim on his objections to the taxes, appellee argues in his brief that the school board has never been authorized by a vote of the district to select, locate or

purchase a building site or to build a high school building, and that for these reasons it has never been legally authorized to issue bonds to the amount of $110,000 or in any other sum. His claim is, that the elections to select, locate and purchase a building site and to build a school building are void for the reason that the school board had no jurisdiction or authority to call and hold them for want of a proper showing in the records of the school board that petitions were filed with it and signed by not less than 500 voters of the district, or by one-fifth of all the legal voters of the district, asking the board to call such elections. It is further claimed by appellee that this court in *Trustees of Schools* v. *Hoyt,* 311 Ill. 532, has definitely settled the question that the election to select, locate and purchase a building site is void. It is also argued that the election to build the school building is void for the same reason. It is then further argued that as these two elections are void the election and vote of the district in favor of issuing bonds are void, as there were no other elections authorizing the selection, location and purchase of a school site and the building of a school building.

In *Phenicie* v. *Board of Education,* (*ante,* p. 73,) we held that all three of the elections aforesaid were valid elections, after the records of the board of education were amended to show that the petitions filed with the board by the voters of the district asking that those elections be called were signed by more than one-fifth of all the legal voters of the district. The records of the three elections show the same facts in the case now before us as were shown in the *Phenicie case,* and were amended in the same manner when the objections were filed to the taxes aforesaid. For the reasons given in that case we hold that the board of education was legally authorized to purchase the school site, to build thereon a school building and to issue bonds in the amount aforesaid, and that the appellant was entitled to judgment in the amount aforesaid as taxes for

building purposes, and that the court erred in denying judgment therefor.

The judgment of the county court is therefore reversed and the cause remanded, with directions to enter judgment in favor of appellant as herein indicated.

*Reversed and remanded, with directions.*