(No. 11015.)

THE PEOPLE ex rel. H. Dedert et al. Appellants, vs. D. H. MYERS et al. Appellees.

*Opinion filed December 21, 1916.*

1. APPEALS AND ERRORS—*when a franchise is involved.* An appeal from an order denying leave to file an information in the nature of *quo warranto* to test the legality of the organization of a high school district is properly taken to the Supreme Court on the ground that a franchise is involved, where the assignments of error question the legality of the organization of the district.

2. QUO WARRANTO—*when leave to file an information to test legality of organization of a high school district should be granted.* Where an information in the nature of *quo warranto* to test the legality of the organization of a high school district alleges that the district was organized under the High School act of 1911, which was held invalid in the case of *People* v. *Weis,* 275 Ill. 581, leave should be granted to file the information, but the question whether judgment of ouster shall be entered depends upon the evidence presented at the hearing.

Appeal from the Circuit Court of Adams county; the Hon. Albert Akers, Judge, presiding.

.Fred G. Wolfe, State's Attorney, and Hartzell, Cavanagh & Green, for appellants.

Homer M. Swope, and William Schlagenhauf, for appellees.

Mr. Justice Carter delivered the opinion of the court:

This was a petition filed in the circuit court of Adams county asking leave to file an information in the nature of *quo warranto* to test the legality of the organization of the Mendon Township High School District. The petition questioned in several particulars the legality of the order organizing the district, among others the posting of certain notices, and the unconstitutionality of the act of June 5, 1911, under which the district was organized. The court entered a rule *nisi,* requiring the defendants to show why the information should not be filed, and the matter was heard upon affidavits. On the hearing the circuit court refused leave to the appellants and dismissed their petition. From this order this appeal was prayed to this court.

Counsel for appellees insist that there was no assignment of error that would justify the bringing of this cause directly to this court. The assignments of error clearly questioned the legality of the organization of the district, therefore a franchise is involved and the cause was properly brought directly to this court. The constitutionality of the act was raised in the court below and is raised in the briefs here. While the assignments of error might well have pointed out more specifically the question as to raising the unconstitutionality of the statute here, we think the assignments were so worded that they can be construed to raise that question.

On the reasoning of this court in *People* v. *Weis,* 275 Ill. 581, and the cases that have followed that decision, the statute under which this district was organized has been held unconstitutional. It follows, therefore, that the court erred in not allowing the information to be filed. Whether or not a judgment of ouster should be granted on the hearing will depend, as pointed out in *People* v. *Weis, supra,* upon the evidence presented at such hearing.

The order of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*