---

(No. 15807.—Reversed and remanded.)
THE PEOPLE *ex rel.* Elmer Mark *et al.* Appellants, *vs.*
WILLIAM HARTQUIST *et al.* Appellees.

*Opinion filed February 19, 1924.*

1. QUO WARRANTO—*judge may, on petition alone, grant or deny leave to file information.* Upon the presentation of a petition for leave to file an information the judge may, if he sees fit, enter a rule *nisi* against the respondents to show cause why leave should not be granted, or he may consider the application upon the petition, alone, and grant or deny the leave.

2. SAME—*court must allow information to be filed if petition shows probable cause.* The statute requires leave to file an information to be granted if the judge is satisfied that there is probable ground for the proceeding, and if the petition shows such ground it is the duty of the court to grant its prayer.

3. SAME—*what is "probable ground" for filing an information.* The "probable ground" which is required for obtaining leave to file an information is a reasonable ground of presumption that the charge is or may be well founded.

4. SAME—*when court may vacate order granting leave to file information.* Where leave is granted to file an information in an *ex parte* proceeding, the court may vacate the order if it is made to appear that the leave was inadvertently or improvidently granted or allowed under a misapprehension of the law or the facts.

5. SAME—*when petition for information against school district shows probable ground.* A petition for leave to file an information attacking the organization of a school district shows probable ground for the proceeding where it alleges that there is no record of the posting of notices of the election on the proposition to establish the school district, as the posting of notices in the manner required by law is a condition precedent to the holding of the election.

6. SAME—*information does not purport to tender an issue of fact.* The office of an information in the nature of *quo warranto* is not to tender an issue of fact but only to call upon the respondents to show by what warrant they exercise the right claimed.

7. SAME—*information need only allege the usurpation.* The People, by the information in *quo warranto*, need not allege any facts showing that the exercise of the right by the respondents is without lawful authority but it is enough to allege that they are exercising it without lawful authority, and the respondents must then disclaim or justify, setting out facts in their plea of justification to show lawful authority to exercise the right claimed.

8. SAME—*what must be alleged in plea of justification of school district.* Where the organization of a school district is attacked by an information in the nature of *quo warranto,* the respondents, if they justify, must plead the proceedings by which the district was organized, must set out their title with particularity and must state the facts showing a *de jure* title.

9. SAME—*when organization of school district may be attacked by common law writ of certiorari.* Before the election of a board of education the proceedings for the organization of a school district may be attacked by the common law writ of *certiorari.*

10. SAME—*validity of organization of school district is determined by record—parol evidence.* Whether the organization of a school district is attacked by *quo warranto* or by the common law writ of *certiorari,* the case of the respondent depends upon the record of the organization and the validity of the proceedings shown by it, and such record is the only lawful evidence of the action taken, and cannot be contradicted or supplemented by parol.

11. SAME—*affidavits may be filed on a motion to vacate order granting leave to file information.* On a motion to vacate an order granting leave to file an information, affidavits may be filed for the purpose of bringing to the attention of the court any fact necessary to enable the court, in connection with the petition, to determine whether there was probable cause for granting the leave.

12. SAME—*mere lapse of time or laches does not estop filing of information.* Where no facts appear which will estop the People filing an information against a school district, mere lapse of time will not work an estoppel on the ground of *laches.*

13. ELECTIONS—*when notice of election is condition precedent to its validity.* Where the time for holding an election is not prescribed by law but must be fixed by the authority vested with the power to call it, the giving of notice for the time and in the manner required by the statute is a condition essential and precedent to the right to hold the election, and if notice is not given for the

length of time and by the number of notices required, the election will be void and will confer no authority.

14. SCHOOLS—*the county superintendent must keep record of organization of school districts.* While there is no express requirement that the county superintendent of schools shall keep a record of the proceedings for the organization of school districts it is necessarily implied from the nature and effect of the acts required of him, and his record must show the petition for such organization, as it is the foundation of the right to call the election; and the record must also show that the required notice of the election was given.

15. STATUTES—*curative act cannot validate void proceedings.* The legislature may remedy some defects in proceedings where an act has been omitted which the legislature might have dispensed with in the first place in respect to such proceedings, but it cannot by a curative act make valid void proceedings.

16. SAME—*curative act cannot validate a special election held without notice.* As the legislature cannot authorize a special election without notice to the voters, it cannot by a curative act validate such an election after it has been held.

STONE and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of Henderson county; the Hon. GEORGE C. HILLYER, Judge, presiding.

M. E. NOLAN, State's Attorney, (HARTZELL & WERTS, of counsel,) for appellants.

W. C. IVINS, and GRIER, SAFFORD & SOULE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

On the relation of two citizens, tax-payers, property owners and residents of supposed Community High School District No. 104 of Henderson county, the State's attorney of that county presented to one of the judges of the circuit court a petition for leave to file an information in the nature of *quo warranto* against William Hartquist and four other individuals, who were charged with usurping the offices of members of the board of education of the

311—9

supposed school district. The judge granted leave to file the information and a summons was issued returnable to the October term, 1923. The respondents appeared at that term and made a motion to vacate the order, and the court sustained the motion and ordered the information stricken from the files and the cause dismissed at the relators' costs. The relators appealed from this judgment.

No objection has been argued to the legal sufficiency of the information, which consisted of two counts, the first questioning the right of the respondents to hold the offices of members of the board of education, and the second questioning such right and specifically alleging that Community High School District No. 104 is not an existing school district under the law. The correctness of the order vacating the leave to file the petition depends upon the sufficiency of the petition to show *prima facie* grounds for the ouster of the respondents from the offices which they are alleged to have usurped. Upon the presentation of the petition for leave to file an information a judge may, if he sees fit, enter a rule *nisi* against the respondents to show cause why leave should not be granted, or he may consider the application upon the petition, alone, and grant or deny the leave. The statute requires the leave to be granted if the judge shall be satisfied that there is probable ground for the proceeding, and if the petition showed such ground it was the duty of the court to grant its prayer. (*People* v. *Anderson,* 239 Ill. 266.) The words "probable ground" mean a reasonable ground of presumption that the charge is or may be well founded. (*People* v. *Union Elevated Railroad Co.* 269 Ill. 212.) When leave is granted in an *ex parte* proceeding, the court may vacate the order if it is made to appear that the leave was inadvertently or improvidently granted or allowed under a misapprehension of the law or the facts. The probable ground alleged in the petition for leave was, that there is no record in the office of the superintendent of schools of Henderson county, or of any other

official, that notice of an election for the purpose of voting
for or against the proposition to establish the community
high school district was ever posted for at least ten days
in ten of the most public places throughout the territory,
as required by the statute, and that in the election which
was held, as well as in the subsequent elections for directors,
the requirements of the Ballot law were not complied with.
The petition which averred these facts was sworn to by
the relators and there was no contradictory showing made
by the respondents.  The cause was submitted on the mo-
tion to vacate the leave on precisely the same showing which
was made on the motion for leave.  There was no misap-
prehension of the facts, and the fact that there was no rec-
ord of posting notices of the election was sufficient to show
that there was probable ground for the proceeding.   At
the time of the attempted organization of this district, in
March, 1920, the statute for the organization of community
high school districts, section 89a of the School law, (Laws
of 1919, p. 908,) required an election upon the proposition
to establish a community high school district in certain ter-
ritory to be called by the county superintendent of schools
upon the petition of fifty voters residing in the territory,
by posting notices for at least ten days in ten of the most
public places throughout the territory.  The petition was a
condition precedent to the calling of the election, and the
posting of notices in the manner required by law was a
condition precedent to the holding of the election.  Where
the time for holding an election is not prescribed by law
but must be fixed by the authority vested with the power
to call it, the voters are not required to take notice unless
notice be given as required by the statute.  In such case
the giving of notice for the time and in the manner required
by the statute is a condition precedent essential to the elec-
tion.  *Roberts* v. *Eyman*, 304 Ill. 413.

The office of an information in the nature of *quo war-
ranto* is not to tender an issue of fact but only to call upon

the respondents to show by what warrant they exercise the right claimed. The People need not allege any facts showing that the exercise of the right by the respondents is without lawful authority, but it is enough to allege that they are exercising it without lawful authority. The respondents must then disclaim or justify, and if they justify must set out the facts which show their lawful authority to exercise the right claimed. (*People* v. *Central Union Telephone Co.* 232 Ill. 260; *People* v. *Barber,* 265 id. 316.) The organization of a school district may be attacked by an information in the nature of *quo warranto,* and in such a proceeding the respondents, if they justify, must plead the proceedings by which the district was organized, must set out their title with particularity, and must state the facts showing a *de jure* title. (*People* v. *Central Union Telephone Co. supra; Place* v. *People,* 192 Ill. 160; *Gunterman* v. *People,* 138 id. 518.) Before the election of a board of education the proceedings for the organization of a school district may be attacked by the common law writ of *certiorari,* in which case their validity must be determined from an inspection of the record, alone, no other evidence being admissible. (*Miller* v. *Trustees of Schools,* 88 Ill. 26; *Lafferty* v. *Moore,* 275 id. 580; *Fisher* v. *McIntosh,* 277 id. 432; *People* v. *Owen,* 286 id. 638.) In either form, *quo warranto* or *certiorari,* the case of the respondent depends upon the record and the validity of the proceedings shown by it. The conditions precedent essential to the action of the superintendent of schools and to the holding of the election must appear by the record. While there is no express requirement that the county superintendent of schools shall keep a record of the proceedings, it was necessarily implied from the nature and effect of the acts required of him that he should keep a record of the action taken in the course of the proceedings for organizing school districts. It was so held in *McKeown*

v. *Moore,* 303 Ill. 448, in regard to the *ex-officio* board, and the same argument requires the same conclusion in this case. The superintendent is required by section 15 of the School law to keep in his office a map of his county and to indicate thereon the boundaries and numbers of the school districts. The acts of the superintendent and the elections held under his authority effect permanent changes and create liabilities and powers of vast importance, which must be recognized and submitted to by all persons living within the territory affected and all property owners and tax-payers therein. How can these persons know the changes in their school district and in their rights and liabilities if there exists no record of them?

The petition and the giving of notice of the election must be shown by the record. Since the petition was the foundation of the right to call an election to vote upon the organization of the district it was essential that the record should show such petition. (*Trustees of Schools* v. *Hoyt, post,* p. 532.) It was equally necessary that the record should also show that the notice, which was an essential preliminary to the election, was given. The object of the petition for leave to file the information is to satisfy the court that there is probable ground for the proceeding, and therefore it was proper for the petition to state that there existed no competent evidence of the giving of legal notice. Since a record must be kept of the proceedings it is the only lawful evidence of the action taken, and cannot be contradicted, added to or supplemented by parol. (*People* v. *Carr,* 231 Ill. 502; *O'Connell* v. *Chicago Terminal Railroad Co.* 184 id. 308; *Chaplin* v. *Highway Comrs.* 129 id. 651; *People* v. *Madison County,* 125 id. 334; *Troxell* v. *Dick,* 216 id. 98.) When it is stated that no such record exists, probable ground is stated for the proceedings. On the motion to vacate the order granting leave, affidavits might have been filed for the purpose of bringing to the attention of the court any fact necessary to enable the court, in connec-

tion with the petition, to determine whether there was probable cause for granting the leave. *People* v. *City of Chicago, 270* Ill. 188.

On May 10, 1921, the legislature passed an act providing "that in all cases where a majority of the inhabitants of any contiguous territory, voting on the proposition, have voted at an election called for the purpose by the county superintendent of schools, in favor of the organization of such territory into a community high school district, and where, at a subsequent election similarly called and held, a board of education has been chosen for such district, such territory is hereby declared legally and validly organized and established as a high school district, and a valid and existing school district and body politic and corporate of this State for the purpose of establishing and maintaining a high school." (Laws of 1921, p. 797.) Section 2 of the act provided that "no irregularity, defect or omission whatsoever, in the time or manner of calling, holding or conducting any such elections or in the notice thereof, ballots used therein, or returns thereof, shall be held to invalidate any such elections." It is insisted that this act was sufficient to cure any defects in the organization of the school district. Irregularities in the conduct of an election may be cured by subsequent legislation, but notice of the time and place of holding the election, when these are not fixed by law but are fixed by the authority calling the election, is a condition essential and precedent to the right to hold the election, and if such notice is not given for the length of time and by the number of notices required by the statute the election will be void and an expression of the will of the voters thus obtained will confer no authority. (*Roberts* v. *Eyman, supra.*) The legislature may remedy some defects in proceedings where an act has been omitted which the legislature might have dispensed with in the first place in respect to such proceedings, but it cannot by a curative act make valid void proceedings. It could not have

authorized a special election without notice to the voters, (*Gaddis* v. *Richland County,* 92 Ill. 119,) and therefore it could not by a curative act make valid an election held without notice which it could not previously have authorized. *Roberts* v. *Eyman, supra.*

The election upon the question of organizing the district was held on March 20, 1920, when the statute required the election to be held under the Australian Ballot law. (*People* v. *Williams,* 298 Ill. 86; *Irwin* v. *Shepherd,* id. 100.) The omission to observe the requirements of that law, it has been held, may be cured by subsequent legislation. (*People* v. *Benton,* 301 Ill. 32; *People* v. *Edvander,* 304 id. 400.) The failure to give notice, however, goes to the root of the whole proceeding. An election cannot be called, where the time and place are not fixed by law, without giving notice of the time and place of holding it. The election was void and incapable of validation.

The appellees insist that the delay of three years in instituting these proceedings was *laches* which justified the vacation of the order for leave to file the petition. Mere lapse of time does not estop the people, and no facts appear which should estop them.

Some statements are made in the briefs concerning facts which the parties suppose to be relevant but which have no foundation in the record and will therefore receive no consideration.

The court erred in setting aside the order granting leave to file the information. Its judgment will be reversed and the cause remanded, with directions to deny the motion to set aside the order granting such leave.

*Reversed and remanded, with directions.*

STONE and THOMPSON, JJ., dissenting.