(No. 16312.—Judgment affirmed.)

THE PEOPLE *ex rel.* Elmer Mark *et al.* Appellants, *vs.*
WILLIAM HARTQUIST *et al.* Appellees.

*Opinion filed December 16, 1924—Rehearing denied Feb. 6, 1925.*

1. OFFICES—*officer required to keep record must correct error or omission therein—mandamus.* Where by law it is made the duty of a public officer to keep a record of proceedings and through oversight or mistake he fails to do so or makes an incorrect record, it is his duty, when he discovers such omission or mistake, to correct the mistake or supply the omission from the data in his office so the record shall show the facts correctly, and if he fails to do so *mandamus* will lie to compel him to act.

2. SAME—*officer's amended record has same force and effect as original.* Where the record of a public official charged with the duty of keeping a record is amended in a proper and legal manner to correct an error or supply an omission, the amended record has the same force and effect as though originally made as amended, can no more be contradicted by parol than any other lawful record, and speaks as of the day when the proceedings which it records were in fact had.

3. SCHOOLS—*county superintendent may amend record to show compliance with law in school election—evidence.* A county superintendent who failed to keep a record in his office of the notice of election for organizing a community high school district in accordance with the statute may be required to make a record from data in his office to show compliance with the requirements of the law, and the record as made may be introduced in evidence in a *quo warranto* proceeding and will be conclusive evidence of the facts therein stated.

4. SAME—*county superintendent's amended record is sufficient
to bring high school district under validating act.* Where the county
superintendent of schools failed to keep a record in his office of
the posting of notices for the organization of a community high
school district, the fact that there was no record in the superintend-
ent's office when the curative act of 1921 took effect does not pre-
clude the application of the validating act where a record is prop-
erly prepared by the superintendent from data in his office showing
compliance with the law, as such subsequent or amended record
speaks from the time when proceedings were had for the organi-
zation of the district.

APPEAL from the Circuit Court of Henderson county;
the Hon. GEORGE C. HILLYER, Judge, presiding.

M. E. NOLAN, State's Attorney, (HARTZELL & WERTS,
of counsel,) for appellants.

W. C. IVINS, and GRIER, SAFFORD & SOULE, for ap-
pellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

In accordance with the directions of this court in *Peo-
ple* v. *Hartquist,* 311 Ill. 127, (a prior appeal of this case,)
leave was given by the circuit court of Henderson county
to the State's attorney of that county to file an informa-
tion in the nature of *quo warranto,* on the relation of tax-
payers, against William Hartquist and four other individu-
als, charging them with usurping the offices of members of
the board of education of supposed Community High School
District No. 104 of Henderson county. Thereupon the re-
spondents (appellees) filed their pleas in justification, and
issue being joined, the cause was by agreement heard before
the court without a jury, the issues found in favor of ap-
pellees, judgment in their favor rendered by the court, and
an appeal to this court prayed and perfected by appellants.

The information consisted of two counts, the first count
of which in general terms alleges that the respondents
have unlawfully held and still unlawfully hold, without

any authority, the pretended office of members of the board of education of pretended Community High School District No. 104 of Henderson county. The second count is similar to the first, except that it also alleges that the pretended community high school district was not at any time created and organized according to law, and is not now, and never has been, an existing community high school district. The pleas in justification set out in detail the various steps by which appellees claimed the district had been organized and by which they claimed to have been elected as members of the board of education of the district.

The specific grounds upon which the information is based are, that there is no legal record in the office of the superintendent of schools of Henderson county, or of any other officer, that notice of an election for the purpose of voting for or against the proposition to establish the community high school district was ever posted for at least ten days in ten of the most public places throughout the territory prior to the election, as required by the statute, and that at the election which was held, as well as in the subsequent election of directors, the requirements of the Ballot law were not observed. In *People* v. *Hartquist, supra,* it was held that the conditions precedent essential to the action of the superintendent of schools and the holding of the election must appear of record, and that while there was no express requirement that the superintendent should keep a record of the proceedings, it was necessarily implied, from the nature and effect of the acts required of him, that he should keep a record of the action taken in the course of the proceedings for organizing a school district. It was also held that the petition and the giving of notices, which were essential preliminaries to the election, must be shown by the superintendent's record.

At the time of the filing of the information in this case there was no record in the office of the superintendent of schools of Henderson county of the petition or of the post-

ing of notices, as required by law. Subsequent to the decision of this court in *People* v. *Hartquist, supra,* the county superintendent of schools, from the papers and memoranda which he had in his office, prepared a record showing in detail the different steps taken in the organization of the school district, including the filing of the petition and the requisite posting of notices, which record was offered and admitted in evidence. Subsequent to the making of the first record the superintendent made a second record more in detail, which record was also admitted in evidence in the case. Where by law it is made the duty of a public officer to keep a record of proceedings and through oversight or mistake he fails to do so or makes an incorrect record, whenever he discovers, from the data in his office, as such officer, such omission or mistake, it is his duty as such officer to correct the mistake or supply the omission in the record so that the record shall speak the facts correctly, and if he fails to do so *mandamus* will lie to compel the performance of this duty. When such amendment is made, the record as amended is conclusive evidence of the facts therein stated. (*Turley* v. *County of Logan,* 17 Ill. 151; *Board of Education* v. *Trustees of Schools,* 174 id. 510.) The second record made by the county superintendent of schools showed a strict compliance with all the requirements of law in the organization of the district and in the elections held, as to the filing of the petitions and the giving of notices, and the court did not err in admitting it in evidence.

The election upon the question of organizing the district was held on March 20, 1920, when the statute required the election to be held under the Australian Ballot law. (*People* v. *Hartquist, supra.*) On May 10, 1921, the legislature passed an act providing "that in all cases where a majority of the inhabitants of any contiguous territory, voting on the proposition, have voted at an election called for the purpose by the county superintendent of schools, in favor of the organization of such territory into a com-

munity high school district, and where, at a subsequent election similarly called and held, a board of education has been chosen for such district, such territory is hereby declared legally and validly organized and established as a high school district, and a valid and existing school district and body politic and corporate of this State for the purpose of establishing and maintaining a high school." (Laws of 1921, p. 797.) Section 2 of the act provided that "no irregularity, defect or omission whatsoever, in the time or manner of calling, holding or conducting any such elections or in the notice thereof, ballots used therein, or returns thereof, shall be held to invalidate any such elections." It is insisted by appellees that this act was sufficient to cure any defects in the organization of the school district. On the other hand, it is insisted by appellants that at the time the act in question was passed there was no record in the county superintendent's office showing that legal notice of such election had been given, and that therefore the curative act of May 10, 1921, has no application to this case.

Where by reason of accident, oversight or other cause a public official charged with the duty of making a record of official action has failed to make a record of such action and the record is thereafter amended in a proper and legal manner, the record has the same force and effect as though originally made as amended and can no more be contradicted by parol than any other lawful record, and it speaks as of the day when the proceedings which it records were in fact had. (*County of DuPage* v. *Highway Comrs.* 142 Ill. 607; 29 Corpus Juris, 466.) The amended record of the county superintendent, speaking as of the time when the proceedings were had, is sufficient to bring the district within the requirements of the act of May 10, 1921, and neither the district nor the title of appellees to hold the office of members of the board of education of the district can be held invalid for a failure to comply with the requirements of the Australian Ballot law.

Some complaint is made as to inaccuracies in the description of two tracts of land in certain portions of the proceedings. The question here is not whether such tracts are properly within the district but whether or not Community High School District No. 104 of Henderson county has been legally organized and whether or not appellees are usurping the offices of members of the board of education of that district.

The judgment of the circuit court is sustained by the evidence in the record, and it is affirmed.

*Judgment affirmed.*