(No. 16600.—Judgment affirmed.)
FRANK A. BIERBAUM *et al.* Appellants, *vs.* ALICE EMILY SMITH, Appellee.

*Opinion filed April 24, 1925—Rehearing denied June 3, 1925.*

1. SCHOOLS—*record of school board must show the posting of notices of election—condemnation.* The acts of a board of education must be manifested by its record, and where the record of the board does not show the posting of notices of an election to select a school house site, as required by statute, the election is void and confers no jurisdiction on the board to condemn property, and a certificate of the secretary of the board that he posted the notices is not sufficient to confer such jurisdiction.

2. EMINENT DOMAIN—*a petition to condemn must be dismissed where statute is not complied with.* The question under what conditions the power of eminent domain may be exercised is purely legislative, but it is for the court to decide, as a preliminary question upon the filing of a petition for condemnation, whether the statutory conditions authorizing the exercise of such power exist, and if such statutory conditions are not complied with the petition must be dismissed.

APPEAL from the County Court of Madison county; the Hon. WILBUR A. TRARES, Judge, presiding.

McGINNIS & McGINNIS, and WILLIAM P. BOYNTON, for appellants.

D. H. MUDGE, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal from an order of the county court of Madison county dismissing a petition filed by appellants, as trustees of schools of township 5, north, range 10, west, in said county, for the condemnation of certain real estate within the said township for a site whereon to construct a new high school building for Alton Community Consolidated School District No. 151, a district within the township. The basis of the condemnation proceedings was the holding of a special election May 18, 1923, in the community consolidated school district for the purpose of voting upon the propositions of locating a school house site and authorizing the board to purchase the same and the subsequent action of the board of education in selecting the site in question, no site having secured a majority of all the votes cast at the election. Appellee filed her answer in writing in the condemnation proceedings, denying the right of the petitioners to maintain their action, and presented several objections to the proceedings, among which was one that the election was not duly and regularly held in compliance with the terms and provisions of the statute relative thereto. The specific objection pointed out is that the record of the proceedings of the board of education fails to show that notices of election as provided by statute were posted.

The record of the proceedings of the board of education fails to show that the required notices were posted. Appellants contend that a certificate of posting notices made by the secretary of the board and filed by him in his office

May 10, 1923, was a sufficient compliance with the law. In this certificate, as secretary, he certifies that on the third day of May, 1923, he posted at least ten notices of election (a copy of the posted notices being attached to the certificate) in at least ten of the most public places within each voting precinct in the district, specifying in the certificate the places where such notices were posted. It has been repeatedly held by this court that the giving of notice of an election such as this is jurisdictional, that without it a board of education has no power to act, whatever may be the result of the election, that the acts of a board of education must be manifested by its record, and unless the record shows that notice was given as required by statute the election is void. *Southworth* v. *Board of Education,* 238 Ill. 190; *Roberts* v. *Eyman,* 304 id. 413; *People* v. *Hartquist,* 311 id. 127, and 315 id. 228.

The question under what conditions the power of eminent domain may be exercised is purely legislative, but it is for the court to decide, as a preliminary question, when called upon, whether the statutory conditions authorizing the exercise of such power exist, and if such statutory conditions are not found to exist in the specific case, to dismiss the petition for condemnation. (*Illinois State Trust Co.* v. *St. Louis, Iron Mountain and Southern Railway Co.* 208 Ill. 419.) A valid election to select a school house site is a condition precedent to the maintenance of condemnation proceedings to procure such site. Appellants having failed in this case to show by competent evidence that a valid election for that purpose had been held, the court properly dismissed the petition.

Several other questions have been discussed by the parties in their briefs and arguments, but as the question of notice is decisive of the case we are not called upon to discuss or decide them.

The order and judgment of the county court of Madison county are therefore affirmed.        *Judgment affirmed.*