(No. 18539.—Judgment affirmed.)
THE PEOPLE *ex rel.* Charles E. Burt, Appellee, *vs.* THE CITY OF SPRINGFIELD, Appellant.

*Opinion filed December 21, 1927.*

1. QUO WARRANTO—*affidavit of relator is not invalidated because acknowledged before attorney.* A petition for leave to file an information in the nature of *quo warranto* is not to be denied merely because the affidavit of the relator in support of the same is acknowledged before an attorney who was one of his counsel.

2. SAME—*granting leave to file information rests in discretion of court.* The granting of leave to file an information in the nature of *quo warranto* or vacating an order granting such leave is a matter resting largely in the discretion of the trial court, but it is the duty of the court to grant leave to file the information if it appears from the proceedings before it that there is proper ground for the charge made.

3. SAME—*when denial of motion to vacate order granting leave to file is not an abuse of discretion.* While it is proper to consider affidavits offered in behalf of a motion to vacate an order granting leave to file an information, such leave should not be set aside upon a motion, supported by affidavits amounting merely to a denial of the allegations of fact in the petition; and where the party making the motion is given leave to plead but chooses to abide by the motion it is not an abuse of discretion for the court to deny the motion to vacate.

APPEAL from the Circuit Court of Sangamon county; the Hon. CHARLES G. BRIGGLE, Judge, presiding.

A. D. STEVENS, Corporation Counsel, ROY M. SEELEY, City Attorney, and DEWITT CROWE, for appellant.

H. E. FULLENWIDER, State's Attorney, EDWARD PREE, and HARLINGTON WOOD, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Sangamon county rendered a judgment of ouster against the appellant city in a proceeding in *quo warranto* attacking the validity of the annexation of certain territory to that city. The petition for leave to file an information in the nature of *quo warranto* was filed by the State's attorney of Sangamon county on the relation of Charles E. Burt. The petition avers that for a period of three weeks prior to the filing of the petition the city of Springfield had exercised, and was then exercising, governmental functions over the territory and inhabitants described in the petition; that the city claims authority to do so by reason of an election held in the city of Springfield on April 5, 1927, at which time a vote was taken on the annexation of said territory; that previous to the election there was filed in the office of the city clerk of the city of Springfield a petition purporting to have been signed by a majority of the legal voters owning a majority of the property in the territory sought to be annexed and that it was upon this petition that the vote on the question of annexation was had; that the petition to vote on annexation was not signed by a majority of the legal voters and property owners in the territory described therein and was otherwise defective, and that by reason thereof the election to annex the territory to the city of Springfield was null and void. Attached to the petition for leave to file the information is the affidavit of Burt that the facts stated in the petition are true in substance and in fact. On consideration of the petition for leave to file the information the same was

granted, and an information in the nature of *quo warranto* was filed charging the facts to be as set out in the petition. Appellant entered its special appearance limited to the purpose of a motion to quash the information and to vacate the order permitting it to be filed, for the reason that leave to file the information was improvidently and improperly allowed on insufficient grounds and under a mistake of fact. In support of the motion appellant filed four affidavits, in which the affiants stated that they were informed and believed that Burt was merely acting on behalf of John Pokora, a resident of the territory, who for personal reasons was objecting to the annexation of the territory to the city. Three affidavits were filed saying that the affiants lived in the territory and were personally acquainted with practically every property owner and legal voter and that they had made a canvass of the territory to ascertain the number of legal voters and property owners therein; that they had inspected the petition asking for annexation, filed with the city clerk, and that a majority of the legal voters and property owners of the territory signed the petition. They also filed the petition for annexation which had been filed in the city clerk's office. Counsel for the relator filed a motion to strike these affidavits. On hearing on the motion to quash the information and withdraw leave for filing the same, and the motion on the part of the relator to strike appellant's affidavits, both motions were denied and appellant was given leave to plead to the information. On the day in which the plea of appellant was due it withdrew leave and announced to the court that it elected to stand by its motion to withdraw leave to file and to quash the information. The court thereupon entered judgment of ouster and for costs, and appellant brings the cause here for review.

Appellant contends that as the petition is supported only by the affidavit of the relator, Burt, to the effect that the petition for annexation was not signed by a majority of the

legal voters and property owners of the district affected, and since appellant had filed the affidavits hereinbefore referred to in support of its motion to quash the information and withdraw leave, the court abused its discretionary powers in overruling appellant's motion.

It is argued by appellant's counsel that the affidavit of Burt is not entitled to credence since it was acknowledged before one of counsel for relator acting as notary public. In some States of this country, and in England, courts will discharge a rule obtained by an affidavit taken before a party's attorney. In New York, Kansas and Michigan such a rule has been adopted by statute. (12 Johns. 340; *Gilmore* v. *Hempstead,* 4 How. Pr. 153; *Warner* v. *Warner,* 11 Kan. 121; *Tootle* v. *Smith,* 34 id. 27.) This practice has been criticised by this court, though it has never been held to invalidate the affidavit or work reversible error in a lawsuit. *Phillips* v. *Phillips,* 185 Ill. 629; *Hollenbeck* v. *Detrick,* 162 id. 388.

It will be noted that the four affidavits offered on behalf of appellant stating that the relator was acting for John Pokora were sworn to on information and belief, and none of the three purporting to support the original petition for annexation state with positiveness that they know the signatures of those whose names appear on the petition and that they signed the same and constitute a majority of the voters and land owners of the territory involved. Moreover, an examination of the petition discloses that in many instances signers who apparently are husband and wife signed on the same line as "Mr. and Mrs." For example, on the first line of the petition appears what purports to be the signature of Mr. and Mrs. Wallace Lockyer. There are thirty-four examples of signatures of this character. It is evident that these signatures were made by one person, whether by the husband or by the wife is not disclosed, and if by either, nothing appears to show that the party signing acted with the consent of the other. It is not con-

tended that omitting the signatures thus secured the petition would be sufficient.

The granting of leave to file an information in the nature of *quo warranto* or vacating an order granting such leave is a matter resting largely in the sound judicial discretion of the court hearing the same. (*People* v. *Emmerson,* 313 Ill. 209; *People* v. *Dodds,* 310 id. 607; *People* v. *Rendleman,* 250 id. 289; *People* v. *People's Gas Light Co.* 205 id. 482.) It is the duty of the court to grant leave to file such an information if it appears from the proceedings before it that there is proper ground for the charge made. (*People* v. *Hartquist,* 311 Ill. 127; *People* v. *Chandlerville School District,* 311 id. 224; *People* v. *Union Elevated Railroad Co.* 269 id. 212.) While it is proper to consider affidavits offered on behalf of a motion to withdraw leave for filing an information and to quash the latter, such leave should not be set aside upon a motion supported by affidavits amounting merely to a denial of the allegations of fact in the petition. (*People* v. *Union Elevated Railroad Co. supra.*) In this case the court had before it all the affidavits and the petition for annexation, and we are of the opinion that its refusal to withdraw leave to file an information was not an abuse of discretion. Appellant was given an opportunity to plead to the information and could upon hearing have had the benefit of any evidence tending to establish the validity of the petition for annexation. It chose, however, to abide its motion to withdraw the order permitting the filing of the petition and must take the consequences.

There is no error in the judgment of ouster, and the same will be affirmed.            *Judgment affirmed.*