(No. 25802.—

THE PEOPLE *ex rel.* Birt Frailey *et al.* Appellants, *vs.* BURL McNEELY *et al.* Appellees.

*Opinion filed February 14, 1941.*

HOGAN & COALE, WILL P. WELKER, and HAROLD BROVERMAN, for appellants.

SMITH & McCOLLUM, and ROBERT G. BURNSIDE, for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The People, on the relation of Birt Frailey, Emory Hopper, and D. R. Bartimus, filed a petition in the circuit court of Fayette county and asked leave to file an information in the nature of *quo warranto* against the persons named as defendants who assume to act as members of the board of education of pretended Community High School District No. 194. Leave was granted and the information was filed. It questioned the legality of the district and prayed that the defendants be required to show by what authority they claimed to hold their offices. In their answer the defendants set out the proceedings by which the district had been organized and by which they had been elected, and alleged that all this had been done according to the statute. (Ill. Rev. Stat. 1939, chap. 122, par. 97.) Upon trial of the case, the court found that the district had been legally organized, and that the defendants had been duly elected members of the board of education of said district. The complaint was dismissed, and the plaintiffs have appealed directly to this court.

In their statement and brief, appellants contend that the act under which this district was organized is unconstitutional. This point is not before us, however, because it is not argued, and because the appellants have failed to point out the section of the constitution which is supposedly violated by the act. However, the legal existence of district No. 194 is questioned, and a franchise is involved. (*People v. Myers,* 276 Ill. 260; *People v. Marquiss,* 192 id. 377; *People v. Cooper,* 139 id. 461.) This court, therefore, has jurisdiction of this appeal.

Community High School District No. 194 is composed of approximately 82 sections and comprises parts of three counties. The western part of the district consists of 38 whole sections and parts of 2 other sections lying in the

northeast part of Fayette county. The eastern part of the district is composed of parts of two counties. On the extreme north are 6 sections of Shelby county. To the south of these sections are 36 whole sections and parts of 3 sections lying in the northwest part of Effingham county. That part of the district which is in Fayette county extends approximately three miles farther south than that portion which is in Effingham county. Also, that part in Effingham and Shelby counties extends two miles to the north of the Fayette county land. However, there is a five-mile common boundary between the sections lying in Fayette county and those in Effingham county. The district is of irregular shape. Its longest measurement is from east to west, 12 miles, and the greatest north and south length of that part of the district to the east, lying in Shelby and Effingham counties, as well as that part of the district to the west, lying in Fayette county, is approximately eight miles. There are four villages in this territory, Beecher City, Mocassin, Holland, and Carter Camp. Beecher City, which is the largest, has a population of 500 and is near the geographical center of the district. It was chosen as the location of the community high school. State highway No. 128 runs north and south along the boundary between Fayette and Effingham counties, and it is connected with Beecher City by paved roads. None of the remaining roads of the district are paved, but many are graveled or oiled and are all-weather roads.

Appellants first contend that district No. 194 is invalid because not composed of contiguous and compact territory as required by section 89a of the School Law. (Ill. Rev. Stat. 1939, chap. 122, par. 97.) That paragraph provides that fifty voters residing in any contiguous and compact territory may petition the county superintendent of schools to order an election to be held for the purpose of voting for or against the proposition to establish a community high school.

A compact school district has been defined to be one so closely united and so nearly adjacent to the school building that all the students residing in the district may conveniently travel from their homes to the school building and return the same day in a reasonable length of time with a reasonable degree of comfort. (*People* v. *Vance,* 374 Ill. 415; *People* v. *France,* 314 id. 51.) Every reasonable presumption will be indulged in favor of the validity of a school district established by authority of the legislative department of the government, and the courts will not hold the district invalid for lack of compactness or contiguity unless it clearly appears from the evidence that children of school age residing in the district cannot reasonably avail themselves of the privilege of the school. (*People* v. *Vass,* 325 Ill. 64, 69; *People* v. *Standley,* 313 id. 46, 48.) To show that children of this district could not reasonably avail themselves of the school at Beecher City, the appellants introduced testimony that roads at particular places throughout the district in the past had occasionally been impassable. At such times they claimed that all of the students would not be able to reach the high school. However, some of these witnesses admitted on cross-examination that the impassable roads to which they referred were not on the bus route which had been established by the school district, and others admitted that children in their vicinity had, during the last several years, attended the three-year high school which was formerly maintained at Beecher City. A former bus driver for the high school, who had testified to the bad road conditions, admitted, on cross-examination, that he could not recall missing a day with his school bus from 1936 to 1938. To show that the children of the district are able to avail themselves of the high school at Beecher City, the superintendent of schools for Community High School District No. 194 testified that the high school, at the time of the trial, had an enrollment of 152 students, and that it met the requirements of a four-year accredited high

school in Illinois. He said that the district had two buses operating over established bus routes, and that another bus had been ordered and that these buses served all of the students of the high school. The driver of one of these buses testified that eighty per cent of the students live on the bus routes, and that they are either paved or gravel all-weather roads. He also testified that a mile and a quarter is the most that any of the remaining children have to walk in order to reach the bus. This was corroborated by the other bus driver, except that he estimated the maximum distance that any of the students had to walk at a mile and a half. Paragraph 705 of the School law (Ill. Rev. Stat. 1939, chap. 122, par. 705) provides that the State shall reimburse a school district for three-quarters of the cost of transporting non-high school students to school, providing they live more than a mile and a half from the school house. It is a fair inference from this that the legislature considered it reasonable to require children to walk a mile and a half to school, if necessary, and it is reasonable to require them to walk that distance to a bus line. Other witnesses for the appellees testified that the district roads were in a good condition, and that the bad spots in the road described by the appellants' witnesses, had recently been repaired. The appellees also introduced in evidence exhibit L which shows that in the past many students from almost all of the sections in this district have attended the high school at Beecher City.

Considering all of the evidence it appears that children of school age can reasonably avail themselves of the privileges of the school, and, therefore, the district must be held to be composed of compact and contiguous territory. The circuit court so held, and we will not set aside that judgment since it is not against the manifest weight of the evidence. *People* v. *Vance, supra.*

The appellants insist that our holding in *People* v. *Kirkham,* 301 Ill. 49, and *People* v. *Young,* 301 id. 67, are

conclusive in this case and compel us to reach a contrary result. All that was decided in the *Young case* was that the trial court should have allowed the petition for leave to file an information and should have tried the case on the merits to determine whether the district was sufficiently compact. The same is true of the *Kirkham case,* in which the cause was remanded for trial on whether the proposed district was compact and contiguous. In neither case was it held that the proposed district was not compact or contiguous.

The appellants next contend that all of the territory within this district is not a part of the community of Beecher City, as required by law, and that the district is, therefore, illegal. In support of this contention several witnesses testified that they did their shopping, went to church, and participated in social activities, in other villages besides Beecher City. However, the fact that people residing in the community high school district trade at stores, deliver grain to elevators, do their banking business and attend church in cities or villages outside the district does not, of itself, establish that the territory in which they live is not a part of the community of Beecher City for high school purposes. (*People* v. *Standley, supra.*) The issue is whether the proposed district is a community in so far as education is concerned. Many of the appellants' witnesses testified that their children, or children in their vicinity, were attending or had attended the high school at Beecher City. And exhibit L, above referred to, shows that children from almost all of the sections of the district had attended the three-year high school at Beecher City during the last several years. This evidence shows that the district is a community in so far as education is concerned.

Appellants contend that because only two polling places were designated by the county superintendent of schools, the organization of the district was illegal. They contend that if more polling places had been provided, more people

would have voted against forming this community high school district and that the proposition would not have carried. There is no proof that anyone who wanted to vote against the proposition was prevented from doing so either because of too few polling places or any other thing. Appellants have waived the constitutional question they sought to urge by failing to argue it, and they have made no proof of any irregularities in the proceedings or in the election at which the matter was determined. This contention must, therefore, be overruled.

The judgment of the circuit court of Fayette county is affirmed.

*Judgment affirmed.*