People of State of Illinois ex rel. Clarence L. Anderson et al., Plaintiffs-Appellants, v. Community Unit School District No. 201 of Mercer County, Illinois, and Board of Education of Community Unit School District No. 201 of Mercer County, Illinois, Defendants-Appellees.

Gen. No. 10,850.

Second District.

July 22, 1955.

Rehearing denied October 7, 1955.

Released for publication October 10, 1955.

James C. Allen, State's Attorney of Mercer county, of Aledo, and Love & Beal, of Monmouth, for plaintiffs-appellants.

Hebel, Ives & Davis, of Aledo, for defendants-appellees; George O. Hebel, of Monmouth, of counsel.

MR. JUSTICE CROW delivered the opinion of the court.

On August 5, 1953, the State's Attorney of Mercer County, on the relation of Clarence L. Anderson, Ira B. Smith and John T. Simpson, filed a complaint in the nature of quo warranto, in the Circuit Court of Mercer County, against Community Unit School District No. 201 of Mercer County, and the Board of Education of Community Unit School District No. 201 of Mercer County, charging defendants unlawfully hold and exercise jurisdiction without warrant over a territory of about 27 square miles, which had been annexed by de-

fendant, Community Unit School District No. 201, and disconnected from the adjacent Unit District No. 400. Defendants answered and seek to justify by setting forth certain facts incident to the election which brought about the annexation, the furnishing of facilities in District No. 201 for the education of pupils, and transportation by bus to schools therein furnishing education facilities. They further answered by alleging that the territory involved by annexation was contiguous and adjacent to Unit School District No. 201 prior to annexation; that two petitions were filed July 11, 1952, with the County Superintendent of Schools who called an election for August 7, 1952, and published notice thereof in three newspapers and posted 10 notices in different districts and 10 notices in the territory to be annexed, designated voting precincts, polling places, appointed election officials and prepared and delivered ballots, canvassed the vote after the election was held, found the proposition carried and made a certificate of his said acts and doings, and filed the same, with a map of the territory annexed, with the County Clerk of Mercer County. As an affirmative defense, defendants allege that they assumed jurisdiction over the territory, rearranged its transportation schedules, its classroom facilities and its personnel to take care of the additional pupil load in the area, and that the plaintiffs are guilty of laches and should be barred from this action. Defendants set forth nine exhibits in their answer.

Plaintiffs replied to the answer averring that the petition pleaded by defendants as two petitions, were, in fact, three petitions; that each petition was separately circulated and separately bound and so remained; that no two of the three petitions were alike and that "a petition" such as is required by statute was never filed with the County Superintendent of Schools; that the descriptions in the petitions were conflicting, indefinite and ambiguous; that the disput-

35

ed territory is not contiguous and adjacent to the annexing district; that the boundaries of the disputed territory split specified farming units and buildings of seven named persons, including relators and others, so as to eliminate and gerrymander their residences from the disputed territory,—all to deprive the relators and similarly situated persons of their property without due process of law and contrary to the constitution. A motion to strike plaintiff's reply was denied. The defendants' rejoinder denied every "material allegation" set forth in the reply. The plaintiff's motion to strike the defendants' rejoinder was denied.

Evidence was taken and witnesses were heard by the trial court over the objections by the plaintiff, and the court, on January 20, 1955, found that the defendants have proper jurisdiction and authority over the territory, found the defendants not guilty, and entered judgment for the defendants. The plaintiffs in their appeal claim that (1) the defendants failed to justify by pleading or proof of an official record of the official acts of the County Superintendent of Schools; (2) no one of the three separate annexing petitions comply with the statute so as to constitute "a petition"; and (3) plaintiff's special challenges constitute triable issues, established by denial of the defendants' motion to strike the reply, assuming such challenges are relevant to the issues.

The defendants' exhibits pleaded by their answer include the following: Exhibit 2 purports to be a petition signed by Charles Barrington et al., and purporting to be signed by a certain number of legal voters residing in Community School District No. 400 and circulated by one Harold C. Smallwood, and a further petition purporting to be signed by one John Keating and other residents and legal voters in the disputed area, and circulated by one John Keating; Exhibit 3 purports to be a petition signed by George O. Hebel et al. and a certain number of legal voters residing in

School District No. 201, circulated by one Walter W. Burton; Exhibit 4 purports to be a certificate of publication by a newspaper on July 23, 1952 of notice of election; Exhibits 5, 6, and 7, purport to be copies of official ballots of election for precincts 1, 2, and 3, respectively; and Exhibit 8 purports to be a certificate, unsworn to, not sealed, and without any file mark, of E. A. Johnson, County Superintendent of Schools of Mercer County, as to his acts and doings with respect to the election, dated August 8, 1952, this exhibit when offered in evidence being Exhibit 18 and when so offered it also bore a stamp mark "August 19, 1952—Filed——O. H. Lee, Clerk, Mercer County, Illinois,"—and there is nothing attached to that exhibit.

The defendants' exhibits as offered in evidence include, among others, substantially the same as those attached to the answer, though not necessarily by exactly the same exhibit number. Exhibit 18 in evidence is the same as Exhibit 8 pleaded by the answer, as stated above.

The County Superintendent of Schools testified, over the objection of plaintiff, that Exhibits 2, 3, and 4, as offered in evidence, being the same as Exhibits 2 and 3, as attached to the answer, were filed in his office July 11, 1952, at 9:50 o'clock a. m.; that he then called an election, which was held August 7, 1952, and posted a notice of election in 20 places, caused notices of election to be published, named the judges and clerks of election, designated precincts in District No. 201, and in the territory to be annexed; designated polling places in each precinct and prepared ballots. On cross-examination he admitted, however, that photostatic copies of and the originals of Exhibits 2 and 3 had no filing mark; and he said that a photostatic copy of Exhibit 4 had no filing mark, although he said that the original of that Exhibit 4 has written thereon "three copies filed in my office July 11, 1952 at 9:50 o'clock a. m., by George Hebel, E. A. Johnson—County Super-

intendent of Schools," but, Exhibit 4 as incorporated in the record before us, at p. 320, indicates no such filing mark or any other filing mark thereon. He further testified that the only record he had of his actions with respect to the election is defendants' Exhibit 18, as offered in evidence; that he did not make or enter any order declaring the result of that election, or make any order disconnecting or annexing the territory in question other than as and that which appears in defendants' Exhibit 18.

The applicable statute at the time was Ch. 122, Ill. Rev. Stats. 1951, par. 8—14 [Jones Ill. Stats. Ann. 123.857(6)], which, so far as material, read as follows:

"When a petition is filed with the county superintendent of schools under whose direction a community unit school district has been established, signed by at least fifty (50) legal voters or twenty per cent (20%) of the legal voters residing in any territory contiguous and adjacent to said community unit school district and also signed by at least fifty (50) legal voters or twenty per cent (20%) of the legal voters residing in such community unit school district, asking that said territory described in the petition be detached from the school district or school districts of which it is part and annexed to the community unit school district, or in case the territory consists of a whole school district that it be dissolved and the territory annexed to the community unit school district, the county superintendent of schools shall call an election to be held in the manner provided in Article 5A of this Act within thirty (30) days after the filing of the petition, at which the voters of the territory described in the petition and of the community unit school district to which the territory is to be annexed shall vote upon the proposition.

"If a majority of the votes cast at any such election in the territory to be detached and in the community unit school district to which the territory is to be an-

nexed shall each be in favor of the boundary changes, the county superintendent of schools shall within ten (10) days after the election file a map with the clerk or clerks showing the boundaries of the districts as determined by the election, whereupon the county clerk or clerks shall extend taxes against the territory in the school districts in accordance with such determination. . . ."

It is clear from the exhibits attached to the answer, together with the exhibits offered in evidence, that there is no official record of the County Superintendent to the effect that any petition which may have been left with him was "filed" with him, or that any petition so "filed" was "signed" by the required minimum number of "legal voters" residing in the territories concerned, "asking that said territory described in the petition be detached from the school district—and annexed to the community unit school district," and there is no official record of an order of the County Superintendent of Schools for a "call" of "an election to be held in the manner provided in Article 5A" of the Act concerned. We find no specific statutory warrant or authority in Ch. 122, Ill. Rev. Stats. 1951, par. 8—14 for the type of certificate of the County Superintendent which appears herein as defendants' Exhibit 18 in the evidence.

█ It appears that the complaint did not allege any specific facts as to why the exercise of the alleged right by the respondents over the area concerned was without warrant, right, or lawful authority, but the complaint does charge generally that the defendants were acting in the area without warrant, right, or lawful authority. Under this state of the pleadings, it then became incumbent on these defendants to disclaim or justify. In order to justify, they must set out facts and show their lawful authority to exercise the rights claimed. This court, on appeal from a judgment against the plaintiffs, must determine if the defend-

39

ants have so justified. The case of the respondents depends and must depend upon the official record of the County Superintendent, which he must keep currently in the course of the proceedings, and the validity of the proceedings shown by it. Although the plaintiffs elected not to file a motion for judgment against the answer of the defendants, standing objections and motions to strike, as to parol and other evidence offered by the defendants, were timely made by plaintiffs.

It is essential that the official record to be kept in the course of the proceedings show the existence of every fact necessary to authorize the County Superintendent to act: Southworth v. Board of Education, 238 Ill. 190; Highway Commissioners v. Smith, 217 Ill. 250. He could not act upon the petition until he had made an investigation and determination as to whether the petition complied with the statute: Trustees of Schools et al. v. Hoyt, 311 Ill. 532; People ex rel. Mark v. Hartquist et al., 311 Ill. 127; Bierbaum et al. v. Smith, 317 Ill. 147. Parol evidence cannot be heard to aid or contradict the record,—the record is the only lawful evidence of action taken: People ex rel. Pfeiffer v. Morris et al., 365 Ill. 470; People ex rel. Mark v. Hartquist et al., 311 Ill. 127. A recital in the petition itself that its signers are legal voters is no evidence of the fact: McKeown et al. v. Moore, 303 Ill. 448. A petition having no evidentiary value in itself may not be accepted and acted upon as a basis for calling an election, where there is no finding by the County Superintendent of its conformity to the requirements of the statute and the conditions precedent to the right to call an election.

The giving of notice of election is jurisdictional and it must be shown by the official record. In Bierbaum et al. v. Smith, 317 Ill. 147, the court in passing on this question of notice says, p. 148–9:

". . . The specific objection pointed out is that the record of the proceedings of the board of education

40

fails to show that notices of election as provided by statute were posted.

"The record of the proceedings of the board of education fails to show that the required notices were posted. Appellants contend that a certificate of posting notices made by the secretary of the board and filed by him in his office May 10, 1923, was a sufficient compliance with the law. In this certificate, as secretary, he certifies that on the third day of May, 1923, he posted at least ten notices of election (a copy of the posted notices being attached to the certificate) in at least ten of the most public places within each voting precinct in the district, specifying in the certificate the places where such notices were posted. It has been repeatedly held by this court that the giving of notice of an election such as this is jurisdictional, that without it a board of education has no power to act, whatever may be the result of the election, that the acts of a board of education must be manifested by its record, and unless the record shows that notice was given as required by statute the election is void. Southworth v. Board of Education, 238 Ill. 190; Roberts v. Eyman, 304 Ill. 413; People v. Hartquist, 311 Ill. 127, and 315 Ill. 228."

We have considered People ex rel. Frailey v. McNeely et al., 376 Ill. 64, a case referred to by the defendants, and find nothing in it at variance with our views.

 The defendants contend that a delay of one year in filing this complaint constitutes laches which justifies the court in entering judgment for the defendants. Mere lapse of time does not estop the people, and, in any event, no facts appear herein which should estop them: People ex rel. Mark v. Hartquist, 311 Ill. 127.

There are other errors relied upon by the plaintiffs in this appeal but in view of our finding with respect to the lack of an official record of the County Superin-

tendent of Schools with respect to the proceedings involved, we are not called upon to discuss them.

The trial court erred in finding the defendants were exercising lawful jurisdiction and authority over the area in question, in finding the defendants not guilty, and in entering judgment for the defendants. That judgment will be reversed and the cause remanded, with directions to the trial court to enter a judgment finding the defendants guilty as charged in the complaint, giving judgment of ouster against the defendants as to the area in question, and giving judgment in favor of the relators for the costs of the prosecution.

Reversed and remanded, with directions.

DOVE and EOVALDI, JJ., concur.