THE PEOPLE ex rel. JOHN SCHULDT et al., Plaintiffs-Appellees, v. RALPH SCHIMANSKI et al., Defendants-Appellants.

(No. 11417;

Fourth District—February 2, 1971.

Pacey, Pacey & Ashmore, of Paxton, (Warren Pacey, of counsel,) for appellants.

Allen & Korkowski & Associates, of Rantoul, (Richard B. Opsahl, of counsel,) for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The plaintiffs, as parents of David Schuldt, a child attending school in Community Unit No. 2, sought and obtained a writ of *mandamus* to compel the defendants, as the Board of Education and Directors of the School District, to provide transportation to and from the school to which

Davis is assigned for attendance. On this appeal, we affirm the action of the trial court.

■■ The complaint asserted that David "resides at a distance of one and one-half miles or more from the school to which he is assigned for attendance", and the evidence is that he does. A witness, Vail H. Moore, testified that he measured the distance, beginning at the point where the center line of the driveway of the plaintiffs' home intersects the north edge of the pavement of State Route 9, and from there to the junior high building to which David is assigned for attendance. That distance is 1.497 miles. Plaintiff John Schuldt testified that his residence is 660 feet north of Route 9—171.5 feet of this distance is over a public road dedicated at an earlier time for public use. Part of the controversy here is whether this distance counts for purposes of arriving at the total distance and whether the plaintiffs reside more than 1½ miles from the school to which David is assigned. We hold that the distance does count.

In fact, the defendants practically concede the point when, in practice, they have treated David as residing more than 1½ miles from the school to which he is assigned for attendance. It has been the practice of the defendants, and it is their position here, that even though a student resides 1½ miles or more from his assigned school the School Board may satisfy its obligation to furnish free transportation by requiring students to walk to pickup points—so long as such points are within a mile and a half of the residence—and then furnishing transportation from the pickup point to the assigned school. Such contention, in our view, is at odds with the clear statutory language and untenable.

This record shows the effect of such restricted view of "free transportation" notwithstanding the fact that four busses of the Unit District pass on Route 9 at a point where the plaintiff's driveway intersects Route 9. Two of these busses go west and return east and two go west and return by a northerly route. David is denied transportation on any of these and is required to walk from his residence, along State Route 9, and over an interchange over Interstate 57 which is not provided with any facilities for pedestrians, and from there to either a high school or an elementary school, both of which are located less than a mile and a half from his residence. Then, at either of the two schools, he is permitted to get on a "shuttle bus" and be transported to the school to which he is assigned for attendance. The return trip makes available "shuttle bus" service only to the other two attendance centers, from which David is then required to walk over the described route back to his residence.

In addition, the record indicates that the School Board maintains a pickup point at an unattended garage in the community of Clarence, as well as using the other attendance centers in its District as pickup points.

This record is also clear that students who live in the District and more than a mile and a half from any of the attendance centers or the Clarence pickup point, are afforded transportation from their residences to the schools to which they are assigned for attendance.

The relevant statutory provisions provide, in substance, as follows:

Section 29—3 of ch. 122, Ill. Rev. Stat. 1969, is the provision requiring that school boards such as the one here involved "*   *   *   shall provide free transportation for pupils residing at a distance of one and one-half miles or more from any school to which they are assigned for attendance. *   *   *" An exception is recited in this section with reference to availability of adequate public transportation. That exception is not applicable to the facts in this case.

Sections 29—4 and 29—5 of ch. 122 contain provisions with reference to affording transportation to pupils attending a school other than a public school and a provision for reimbursement for transportation by the State. In the latter section there is language to the effect that reimbursement is available for pupils who reside at least 1½ miles as measured by the customary route of travel from the school attended.

The appellants contend that part-way transportation satisfies the requirement of section 29—3 and that such part-way transportation is approved by the case of *People ex rel. Frailey v. McNeely* (1941), 376 Ill. 64, 32 N.E.2d 608. In *McNeely* the court did use language to the effect that it was reasonable to require children to walk 1½ miles to a bus line. *McNeely* was a *quo warranto* proceeding. The observation relied upon was dicta and used in a context to show that all of the students in the district—the legality of the organization of which was under challenge—were able to avail themselves of the district's high school. *McNeely* is in no way determinative of the issue here.

*People ex rel. Cantu v. School Directors of Dist. No. 108*, 58 Ill.App.2d 282, 208 N.E.2d 301 (1st Dist. 1965), relates to a factual issue as to the adequacy of public transportation within the meaning of the exception in section 29—3. As noted, there is no issue of public transportation involved in the instant case, nor do we see that the statutory provision with reference to public transportation in any way detracts from the language that school boards shall provide free transportation for pupils residing at a distance of 1½ miles or more from the school to which they are assigned for attendance.

■■ The trial court was correct in its determination that the part-way transportation was not in compliance with the statutory mandate. The writ of *mandamus* compelling compliance was properly issued.

■■ Finally, the appellants contend the judgment for costs against them is error. The appellees concede that costs are recoverable only as provided

in sec. 22—3 of ch. 122, Ill. Rev. Stat. 1969, and are not recoverable against the named defendants individually. Such concession removes the issue—the judgment for costs being recoverable only from funds of the corporate entity. The judgment of the circuit court of Ford County was correct and is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.