F.R. SCHWERTFEGER, Corporation Counsel, Dodge County *Page 190 
You request my opinion whether the register of deeds has authority to correct the original recording of a deed running from Dodge County to others and recorded in 1943. It is claimed that the deed covered Lots 185, 186, and 187, and that the typist omitted Lot 185 in the official record.
Here the deficiency appears to be in the recording and not in the document left to be recorded. Section 818.07, Stats., (formerly 235.65) provides that the circuit or county court may make an order correcting an erroneous description in a conveyance.
I am of the opinion that the present register of deeds is without authority to correct the original record which is of such long standing.
Section 59.51, Stats., sets forth the duties of registers of deeds, and there is no mention therein or in any other statute, of which I am aware, which would permit correction of the original record by the register of deeds at the present time.
A register of deeds has only those powers granted by statute or necessarily implied.
In 23 OAG 563 (1934), it was stated that the register of deeds did not have authority to correct errors in documents which had been recorded.
In 27 OAG 671 (1938), it was stated that the register of deeds did not have authority to redraft plats for the purpose of correcting them. At pages 671, 672, it was said:
"* * * The correction or alteration of a public record by the recording officer is without authority of law, Jennings v.Dockham, 99 Mich. 253, 58 N.W. 66, except that a recording officer, while in office, may correct mistakes which he had made in not complying with the duties under the statute. People v.Hartquist, 315 Ill. 228, 146 N.E. 140. The errors in the plats to which you have referred did not arise because of any mistakes or omissions on the part of the register of deeds in performing his duties under the law. *Page 191 
"Changes in public records may be made only by or under official authority. The interests of individuals, as well as the whole public, require that public records should never be altered unless the power as well as the right to alter or amend is clearly shown. * * *"
In 45 Am. Jur., Records and Recording, sec. 71, 1971 Supplement, p. 25, it is stated:
"* * * Thus, a number of decisions support the view that a recording officer, while still in office, is authorized in law to alter or amend his records of transfers or encumbrances of property, by correcting errors which he has made, so as to make the records conform to the facts. And it has been expressly held in several cases that it is the recorder's duty to correct errors whenever he discovers them from data in his office. It seems, however, that a recorder's authority to correct errors in the records is limited to the period in which he is in office. The authority being incidental to the office, it ends with the termination of the office. Furthermore, it seems that another officer than the one who made the original record cannot correct an error discovered after the latter has ceased to be an officer."
Even under such liberal interpretation, a subsequent recording officer could not alter records made by his predecessor. While not directly in point here, it is noted that sec. 943.38 (1) (b), Stats., provides a criminal penalty for one who falsely alters a public record with intent to defraud.
As you have concluded, a partial remedy is available through rerecording the original document.
RWW:RJV