(No. 14734.—Reversed and remanded.)

HARRY E. ROBERTS et al. Appellants, vs. JAMES F. EYMAN
et al. Appellees.

*Opinion filed October 21, 1922.*

1. SCHOOLS—*ten notices must be posted for elections in com-munity high school districts.* The proviso to section 91 of the School law as amended in 1919 excepts all elections held in com-munity high school districts from the general language used in said section with reference to the general School law and requires that in all such elections ten notices shall be posted.

2. SAME—*when an election to issue bonds in community high school district is void.* An election in a community high school district on the propositions to build a school house, select a site and issue bonds is void and will confer no authority to issue bonds or expend money where the record of the board does not show that sufficient notices were posted as required by the proviso to sec-tion 91 of the School law as amended in 1919, as the election is a special election and the giving of notice is jurisdictional.

3. SAME—*high school curative act of 1921 legalizing elections where sufficient notices were not posted is invalid.* The curative act of 1921 legalizing elections in high school districts where no-tices of the election were not posted in ten public places in the dis-trict, as required by section 91 of the School law as amended in 1919, is beyond the legislative power, as it is the very essence of an election that notice be given, and as the legislature cannot be-fore an election dispense with notice it cannot afterward legalize such an election by means of a curative act.

4. ELECTIONS—*giving of required notice is essential to validity of election.* Where the time for holding an election is not pre-scribed by law but is fixed by the authority vested with power to call it, the voters are not required to take notice unless notice be given as required by the statute which provides for the election, and a requirement of such notice is mandatory and its perform-ance is essential to the validity of the election.

5. STATUTES—*the legislature cannot validate void proceedings by means of a curative act.* The legislature may pass a curative act remedying some defect in a proceeding where there is an omis-sion of an act which the legislature might have dispensed with in the first instance or where it might in the first instance have law-fully authorized the act as it was done, but the legislature cannot by a curative act make void proceedings valid, as where notice of a special election is not given as required by statute.

APPEAL from the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

WHITLEY & FITZGERALD, for appellants.

LEFORGEE, BLACK & SAMUELS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Macon county sustained a demurrer to the bill in equity of the appellants, residents, voters and tax-payers in Community High School District No. 148 in Macon county, filed to enjoin the school district and its board of education from preparing or negotiating bonds or using the proceeds of any tax or bonds for the purchase of a school house site or the erection of a school building thereon by virtue of an election held on April 9, 1921, purporting to make a selection of a site and authorize the issue of $99,000 in bonds for the erection of a building. The complainants elected to stand by the bill and the chancellor dismissed it for want of equity.

The facts alleged in the bill are as follows: On March 28, 1921, a petition was addressed to the board of education of the district purporting to have been signed by 205 legal voters of the district asking that an election should be called for the purpose of voting to establish a community high school building and for the selection of a site, whereupon the board adopted a resolution that such an election should be held on April 9, 1921, and that the question of a bond issue in the amount of $99,000 for the purpose of erecting a high school building and purchasing a site should be voted on at the same time, and the required notices were posted accordingly. The record of the board failed to show that notices of the special election were posted as required by statute, but showed that notices were posted on March 28, 1921, at five places specified in the record, and

no notices were posted except those which were shown by that record. On April 9, 1921, an election was held, as shown by the record, upon two propositions, as follows:

Proposition No. 1: "Shall bonds be issued by Community High School District No. 148 of Macon county, Illinois, in amount of $99,000 for the purpose of erecting a school building for said Community High School District No. 148?"

Proposition No. 2: "Shall a school building be erected for Community High School District No. 148 in Macon county, Illinois?"

Three sites were submitted with prices annexed and a direction to vote for one. The record of the board showed:

"For bond issue, 316 votes for and 218 votes against.

"For the erection of a high school building, 347 votes for and 169 votes against.

"For the selection of a school site, D. F. Bear site, 234 votes; for F. E. Schroeder site, 71 votes; for S. M. Ritchie site, 82 votes."

The record did not show the form of the notices for the special election, nor whether the several propositions were placed upon one notice or how the notices were signed, if signed at all, but, in fact, the several propositions were upon separate notices, and the notices were not signed by the board or by its officers by the direction of the board. All of the propositions were submitted on the same ballot.

The causes of demurrer specified were, first, the general one; and second, that the bill consisted of mere general conclusions of the pleader and was vague, indefinite and argumentative.

It will be seen from the foregoing statement that the special cause of demurrer did not exist, since there was nothing vague, indefinite or argumentative in the averments of the bill as to the petition, resolution, what was shown and not shown by the record, and that the posting of only five notices was so shown and only that number were posted.

The only question to be considered is whether the bill was subject to a general demurrer.

In 1917 a number of sections of the act of 1909 to establish and maintain a system of free schools were amended, and section 89 provided for an election upon a petition of legal voters for or against the proposition to establish a community high school, and if a majority of the votes should be in favor of establishing a community high school an election should be held for the purpose of electing a community high school board of education. Section 91 stated the powers and duties of such board of education, and provided that in all elections held under the provisions of the act, notice of all such elections should be posted by the board of education in at least ten of the most public places in each of the voting precincts at least ten days previous to the day of election. (Laws of 1917, p. 737.) In 1919 section 91 was again amended to read as follows:

"Sec. 91. For the purpose of building one or more high schools, conducting and supporting such schools and paying all necessary expenses, the territory for the benefit of which a high school is established under any of the provisions of this act, and all high school districts organized under any statute in force at the time of their organization, and all high school districts legalized by statute, shall be regarded as school districts, and the board of education of each of said high school districts shall in all respects have the powers and discharge the duties of boards of education elected under the general School law. The board of education of any such high school district shall have the right to build or acquire and maintain one or more sites and erect thereon buildings when in their judgment such additional facilities are needed by the district and the site or sites therefor have been lawfully selected: *Provided, however,* that in all elections held under the provisions of this act the board of education shall have the power to establish a suitable number of voting precincts for the accommodation of voters of

the district in which said election is held, and shall fix the boundaries of said precincts, and designate one polling place in each, which precincts shall be composed of contiguous territory in as compact form as may be for the convenience of the electors voting therein. Said board shall appoint two judges and one clerk for each polling place, assigning so far as practicable at least one member of such board to each polling place. Notice of all such elections shall be in the form now prescribed by law and be posted by the said board of education in at least ten of the most public places in each of said voting precincts at least ten days previous to the day of election." (Laws of 1919, p. 925.)

Section 91 as so amended and in force at the time of this election gave to the board of education the powers and required them to discharge the duties of boards of education elected under the School law; and especially declared that the board should have the right to build or acquire and maintain one or more sites and erect thereon buildings, when in their judgment such additional facilities were needed by the district and the site or sites therefor had been lawfully selected.

It is argued that because it is provided by sections of the general School law that where it is proposed to purchase or locate a school house site or to borrow money the directors of the district shall give at least ten days' notice of the election by posting notices in at least three of the most public places in the district, it was only necessary in this case to post notices in three of the most public places in the district ten days previous to the day of the election. Assuming, but not saying, that but for the proviso the general language of section 91 would have authorized an election with only three notices, the conclusion of counsel is palpably wrong. The requirement of ten notices to be posted in ten of the most public places in each voting precinct at least ten days previous to the day of election is under a proviso, and the well known office of a proviso is

304—27

either to except something from the enacting clause, or to
explain, qualify or restrain its generality of what goes be-
fore.` (*Huddleston* v. *Francis,* 124 Ill. 195; *In re Day,*
181 id. 73.) The proviso to section 91 excepts all elections
held under the Community High School act from the gen-
eral language previously employed and plainly requires that
*in all elections under the act ten notices shall be posted.*
Space is given in argument to the question whether sec-
tion 91 was operative as repealing by implication the pro-
visions of the School law for three notices, but no question
of repeal is involved in any manner. Section 91 was an in-
dependent act providing by reference to the general School
law for the powers and duties of boards of education of
community high school districts, but with the qualification
that in all elections there should be ten notices.

The election provided for is a special election, since
there is no general law providing for it and fixing the time
when it shall be held, and in such a case if notice is not
given as required for the length of time and by the num-
ber of notices required by the statute, the election will be
void and an expression of the will of the voters thus ob-
tained will confer no authority to issue bonds or expend
money. (*Harding* v. *Rockford, Rock Island and St. Louis
Railroad Co.* 65 Ill. 90; *Thatcher* v. *People,* 93 id. 240;
*Williams* v. *People,* 132 id. 574.) It is fundamental that
when the voters are called upon to declare their choice,
whether as to a site for a school house, borrowing money
or any other question, they shall have notice of the time
and place for the expression of such choice. The very idea
of an election contemplates the giving of notice, and where
the time for holding an election is not prescribed by law
but is fixed by the authority vested with power to call it,
the voters are not required to take notice unless notice be
given as required by the statute, and a requirement of such
notice is mandatory and its performance essential to the
validity of the election. (9 R. C. L. 991.) Giving notice

of an election such as this is jurisdictional, and without it a board of education has no power to act, whatever may be the result of the election. The acts of a board of education must be manifested by its record, and unless the record shows that notice was given as required by the statute the election is void. (*Southworth* v. *Board of Education,* 238 Ill. 190.) The purported election in this case was null and void and conferred no authority upon the board of education or the district to create an indebtedness, issue bonds and place them on the market or purchase a site.

In 1921 the General Assembly passed the following act: "An act legalizing certain elections in high school districts.

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That in all cases where any question or proposition has been submitted by the board of education of any high school district and has received a majority of the votes cast thereon at an election held in such district, said election is hereby in all respects validated and confirmed, where the notice of such election had not been posted in ten public places in such district." (Laws of 1921, p. 431.)

The legislative function is ordinarily to establish a rule for the future, but the legislature may pass a curative act remedying some defect in a proceeding where there is an omission of an act which the legislature might have dispensed with in the first instance or where it might in the first instance have lawfully authorized the act as it was done. (*Town of Fox* v. *Town of Kendall,* 97 Ill. 72; *Blake* v. *People,* 109 id. 504; *Park* v. *Modern Woodmen of America,* 181 id. 214; *Steger* v. *Traveling Men's Building and Loan Ass'n,* 208 id. 236.) The legislature cannot by a curative act make valid void proceedings, as where an assessment was not returned at the time and place required by law, (*Marsh* v. *Chesnut,* 14 Ill. 223,) or where defendants were not brought within the jurisdiction of the court, (*McDaniel* v. *Correll,* 19 Ill. 226,) or where notice of a special elec-

tion was not given by the proper officers upon whom the law imposed the duty. (*Gaddis* v. *Richland County,* 92 Ill. 119.) It being of the very essence of an election that notice shall be given, the legislature could not before the election have dispensed with notice, and that is the test of power to enact a curative statute. The curative act attempted to eliminate the necessity of notices, and that was not within the limits of legislative power. Disregarding all other questions involved, the election was void for want of notice, and it was not validated by the act providing that it should be legal although notices were not posted as required by statute.

The decree is reversed and the cause remanded.

*Reversed and remanded.*