(No. 15604.—Reversed and remanded.)

THE PEOPLE *ex rel.* Ira E. Pearsall, County Collector, Appellee, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellant.

*Opinion filed December 19, 1923.*

1. TAXES—*when additional county highway tax is not authorized—curative act of 1923.* An additional county highway tax for the repair and maintenance of State aid roads cannot be levied in excess of the fifty cents allowed by law where the county has previously voted bond issues for the construction of State aid roads and provided for levies to pay the principal and interest, and the curative act of June 1, 1923, can have no effect to validate the unauthorized additional tax, as the legislature cannot by a curative act validate an unauthorized act.

2. SAME—*consent to additional road and bridge tax must be obtained at a meeting of town auditors—curative act of 1923.* To authorize a levy of a road and bridge tax above the fifty cents allowed by statute, consent of a majority of the board of town auditors must be obtained in writing at a meeting of said board on the first Tuesday in September before the levy of the additional tax, and where the written consent is dated at a certain time at which there is no record of any meeting the additional tax is not authorized, and being unauthorized it cannot be validated by the curative act of June 1, 1923.

3. SAME—*what constitutes the levy of a school tax.* The action of the school board in ascertaining the amount necessary to be raised constitutes the levy of a school tax, and the certificate, properly signed and filed, is merely the authority upon which the county clerk acts in extending the tax.

4. SAME—*when statute is complied with in levy of school tax.* The action of a school board in determining, at a meeting held within the required time for purpose of levying a tax, to levy the limit allowed for educational purposes is a substantial compliance with the statute, although it did not levy the amount in dollars and cents because it was not informed at that time as to the amount that could be levied, the figures being afterwards written into the minutes of the meeting at the time the certificate was duly executed by the president and clerk.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

PAUL MACGUFFIN, CARL S. JEFFERSON, and M. L. BLUHM, for appellant.

ASHBEL V. SMITH, State's Attorney, (ARTHUR BULKLEY, and SIDNEY H. BLOCK, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted by appellant, the Chicago, Milwaukee and St. Paul Railway Company, from a judgment of the county court of Lake county overruling objections of appellant to certain tax levies or parts of levies.

The first objection was to the county tax. There was levied and extended by the county clerk in 1922 sixty-three cents on the $100 valuation for county purposes and in a separate column eighteen cents for State aid road construction in the county. The county had previously voted bond issues of one and a half million dollars for the construction of State aid roads and provided for levies to pay the principal and interest. The rate levied in 1922 for county purposes was sixty-three cents on the $100, of which ten cents on the $100 was for "county highway tax," and appellant objected to the ten cents for county highway tax on the ground that the county had previously issued bonds for the construction of State aid roads, and no additional tax in excess of the fifty cents allowed by law for the repair and maintenance of State aid roads could be levied. As we construed the statute in *People* v. *New York Central Railroad Co.* 305 Ill. 434, and *People* v. *Millard,* 307 id. 556, the extension of that tax was unauthorized. Appellee contends that the tax was validated by the curative act passed and approved June 1, 1923. (Laws of 1923, p. 512.) "The power of the legislature to validate by curative law any proceedings which it might have authorized in advance is limited to the case of the irregular exercise of power. It cannot cure the want of authority to act at all. (*Peo-*

*ple* v. *Wisconsin Central Railroad Co.* 219 Ill. 94.) 'A tax levied which is not authorized by law is illegal and the legislature cannot validate it by a curative act.' (*People* v. *Bell,* 309 Ill. 387.) The legislature may pass a curative act waiving some defect in the exercise of an existing power where the thing waived is not necessary to the existence of the power, but it cannot by a curative act make valid void proceedings.—*Roberts* v. *Eyman,* 304 Ill. 413." *People* v. *Illinois Central Railroad Co.* (*ante,* p. 212.)

Objection was also made to the road and bridge tax in the towns of Warren and Libertyville above the fifty cents allowed by statute. The levy of an additional tax may be authorized by the consent of a majority of the board of town auditors, in writing, on the first Tuesday in September before the levy of the additional tax is made. In 1922 the first Tuesday of September was the fifth day of the month. The consent of the board of auditors does not appear to have been secured at any meeting of the board held on the day required by statute. The consent to the additional levy in the town of Libertyville is dated August 30 and in the town of Warren September 4, at which times there is no record of their holding any meeting. Under the decision in *People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402, and *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 307 id. 162, the levy of the additional tax was not authorized. The argument of appellee that the additional tax levy was validated by the act of 1923 is answered to the contrary by the authorities above cited. The objection should have been sustained to the additional tax levy for roads and bridges in the towns of Warren and Libertyville.

Objection was made by appellant to the levy for school taxes in districts No. 37 and No. 7 of Lake county. The objection in district No. 7 was that the levy was not supported by sufficient evidence to sustain it. The total levy in that school district was for $2200. A certificate of levy,

not dated, was signed by the president and clerk of the school board and was filed August 23, 1922. The record book kept by the clerk of the board showed a page thereof torn from the book. This page was produced in court by the clerk, who under oath identified the loose sheet as being in the same condition as when taken from his record book and gave an explanation as to how it happened to be torn from the book. He testified one of the attorneys for the People in this litigation wanted the record of the levy in the school district, and as the witness did not have time to take his book to town he tore the sheet therefrom and mailed it to the attorney. The sheet showed the levy to have been made by the school board on June 14, 1922, and was in accordance with the certificate therefor later filed. Though we do not approve of public records being so carelessly handled, it is quite plain that no one has suffered on account thereof, and there is no proof or intimation that the loose sheet of the original record was not authentic and genuine. We think the objection as to this tax not well taken, and it was properly overruled.

The objection in district No. 37 was that no valid levy was made on or before the first Tuesday in August, as required by law. (Cahill's Stat. 1923, sec. 190, p. 3128.) In this district the certificate of levy was signed by the president and clerk of the board, dated August 7, 1922, and filed. It recited that such district required $6600 be levied for educational purposes and $2500 be levied for building purposes. It appears from the abstract that a meeting was held by the school board on July 31, 1922, for the purpose of levying a tax; that it was decided to levy the limit, being $6600 for educational purposes and $2500 for building purposes. From the testimony of the clerk of the school board it appears the board took a vote and agreed to levy the limit; that it did not know what the exact amount would be, and the clerk communicated with the county superin-

tendent of schools, who on August 3 wrote the clerk advising him of the respective amounts which the district could levy. Upon receipt of this information the clerk wrote up the minutes or record of the meeting of July 31 and made the certificate, which was signed by the president and clerk before being filed. Both the record of the board meeting and certificate show the respective amounts levied for school purposes. The certificate, properly signed and filed, is the authority upon which the county clerk acts in extending the tax, and it is the action of the board in ascertaining the amount necessary to be raised which constituted the levy. It is not necessary that the president and clerk be authorized to sign and file the certificate, that being simply an official authentication of the action of the board. The board had met, as shown by the minutes, and by unanimous vote decided it needed all the money possible for it to raise in the district for school purposes and decided to levy the limit. The filling in of the figures in the minutes of the meeting, designating the amount in dollars and cents, by the clerk, did not in any way change the action of the board. Nor did the execution of the certificate by the president and clerk change the action of the board. On the contrary, it was in exact accordance with the will and action of the board. We think in this case that such action of the board was in substantial compliance with the statute. The objections to this tax were properly overruled.

The judgment is reversed and the cause remanded to the county court, with directions to render judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*