(No. 20003.—

THE PEOPLE *ex rel.* George Polivka *et al.* Appellants, *vs.* FRANK PADLEY *et al.* Appellees.

*Opinion filed June 20, 1930.*

JOHN A. SWANSON, State's Attorney, LOUIS H. GEIMAN, and LEE LAROCHELLE, (HAYDEN N. BELL, of counsel,) for appellants.

ARTHUR A. HUEBSCH, (ROBERT H. FARRELL, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

Robert E. Crowe, at that time State's attorney of Cook county, on the relation of George Polivka and Gilbert Lokerse, filed a petition in the circuit court of Cook county for leave to file an information in the nature of *quo warranto* against appellees, Frank Padley, Roy Barror, Earle Rollo, George Wagner, Emerson Dean and W. H. McAdams. In the petition there was alleged, among other things, that on or about March 22, 1926, a petition was filed in the county court of Cook county for the incorporation of a village to be called McCook; that the petition described the territory over which the village claims to exercise jurisdiction; that appellees for more than a year last past have held, and now hold and execute, without authority of law, the office and corporate name of president and board of trustees of the pretended village of McCook and unlawfully assume to be a body corporate by the name of "The Village of McCook" and to unlawfully exercise corporate powers over the territory described in the petition; that at the time of filing the petition there was resident in the territory a population of less than 200 inhabitants; that the number of legal voters there resident was less than 30, and that the territory at

no time contained a population of 200 inhabitants or 30 legal voters. The petitioner prayed for leave to file the information, but the abstract does not disclose that such leave was granted. An information was filed charging that appellees for the space of one year last past, and more, in the county of Cook, have held, and now hold and execute, without authority of law, the office and corporate name of president and board of trustees of the pretended village of McCook, and that they unlawfully assume, as such president and board of trustees, without grant or charter or legal right of any kind, to be a body politic and corporate by the name of "Village of McCook" and to unlawfully exercise the powers granted by the act for the incorporation of cities and villages in this State over the territory described in the information. Appellees filed an amended plea to the information, in which they set out in full the result of the election had for the organization of the village and all the other proceedings had for such organization, their election as president and trustees thereof, and alleged that on March 22, 1926, there were 321 inhabitants in the territory, more than 30 of whom were legal voters. Appellants then filed a replication to appellees' plea, in which it was alleged that at the time of the filing of the petition in the matter of the alleged organization of the alleged village of McCook there was resident in said territory sought to be organized as a village by the petition a population of less than 200 inhabitants, exclusive of aliens and non-citizens of the United States of America and of the State of Illinois and the county of Cook, resident on said territory as laborers or dependents of laborers, for indefinite periods of time, and that at no time before the filing of the petition, nor at the time of filing the petition, nor since the filing of the petition, has there been resident on said territory a population of as many as 150 inhabitants, exclusive of aliens and non-citizens of the United States of America and of the State of Illinois and the county of Cook, resident on said territory as

laborers or dependents of laborers, for indefinite periods of time, and that said alleged village, in the due course of time after its alleged organization, annually levied and caused to be extended taxes in large sums on the tax books of Cook county, and that on July 1, 1927, and ever since that date, and now, large sums of said taxes were and are outstanding and uncollected. The abstract then contains the following: "Order granting leave to amend the replication to the amended plea by striking out the words 'domiciled' and adding the words 'resident' in its stead in the first line and by striking out the words 'and for temporary purpose' on the second, third and tenth lines on the second page of the replication." This portion of the abstract is not rendered intelligible by any other portion and no such amendment is shown therein. This entry in the abstract is followed by an order which, after reciting that the cause came on to be heard on the information, the amended plea to the information, the replication of the People to the amended plea and the demurrer of the defendants to the replication, the sustaining of defendants' demurrer to the replication and the election of the People to stand by their replication, ordered and adjudged that the information be dismissed at the costs of "relator," and allowed an appeal therefrom to this court "on the grounds that the validity of a statute and a construction of the constitution are involved, and which the court hereby certifies to be involved."

At the time of the proceedings for the organization of the village the statute required a population of 200 inhabitants in the territory sought to be organized as a village. Thereafter the legislature at its 1927 session reduced this number from 200 to 100.

On May 5, 1927, and prior to the *quo warranto* proceedings herein, there went into effect a validating act of the legislature which provided, among other things, as follows: "That in all cases where a majority of the inhabitants

of any contiguous territory, voting on the proposition at an election heretofore held for that purpose, have voted in favor of the organization of such territory into a village, and when at a subsequent election village officers have been chosen for such village and such officers have entered upon the discharge of their respective duties, each such election is hereby made legal and valid and such territory, as the same.is described in the order of the county court declaring the result of such election on the question of organization, is hereby declared legally and validly organized and established as a village, and a valid and existing village and body politic and corporate of this State. The village officers acting for each such village are hereby declared to be the duly constituted authority thereof and such officers shall hereafter be elected and qualified in the same manner and have the powers and discharge the duties of officers of villages as provided by 'An act to provide for the incorporation of cities and villages,' approved April 10, 1872, and all acts amendatory thereof and supplemental thereto." (Smith's Stat. 1929, chap. 24, par. 358e, p. 421.)

When all the allegations of the pleadings are considered together, it is evident that, admitting the allegations of the replication to be true, the organization of the village had been validated by the act of May 5, 1927, and that defendants' plea was not fully met and avoided by the allegations of the replication, provided the validating act was valid. It is the contention of appellants that the act was unconstitutional in that it attempted to validate a void election, and that such validation would be equivalent to the levying of taxes by the legislature, which is forbidden by the constitution.

There is no constitutional provision requiring that to be incorporated a village shall contain any given number of inhabitants, neither is there a constitutional prerequisite that an election shall be held prior to such organization, but the entire matter is left by the constitution to the legis-

lature to enact general laws with reference thereto, the only constitutional limitation in this respect being that no special law shall be passed. The legislature could, therefore, in the first instance have provided by general law for the organization of villages under the conditions shown to have existed in the village of McCook at the time of the proceedings for its organization. The legislative function is ordinarily to establish a rule for the future, but the legislature may pass a curative or validating act remedying some defect in the proceedings where there is an omission of an act which the legislature might have dispensed with in the first instance or where it might in the first instance have lawfully authorized the act as it was done. (*Roberts* v. *Eyman,* 304 Ill. 413; *People* v. *Opie,* 301 id. 11; *People* v. *Fifer,* 280 id. 506; *Steger* v. *Traveling Men's Building Ass'n,* 208 id. 236; *Town of Fox* v. *Town of Kendall,* 97 id. 72.) In no sense is the validation of the incorporation of the village equivalent to the levying of taxes by the legislature. Since the legislature could by general law enacted prior to the proceedings for the organization of the village of McCook have provided for the organization of villages containing the number of inhabitants which the pleadings show the village of McCook then had, even if such village did not possess 200 inhabitants, as required by the then existing law, the legislature had power to pass the validating act of May 5, 1927, and such act was not unconstitutional. The pleadings show that the village of McCook comes clearly within the provisions of the validating act of May 5, 1927.

The court rightfully sustained appellees' demurrer to appellants' replication, and the judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*