STORIE *v.* NORMAN, COUNTY TRUSTEE, *et al.*

(*Nashville*, December Term, 1938.)

Opinion filed July 1, 1939.

648

Will R. Storie, of Jamestown, for plaintiff in error.

John S. Hale, of Jamestown, for defendants in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This is an action by plaintiff in error to recover taxes paid by him to Fentress County. It is contended that the following items of levy made by the county court at its July, 1937, session were illegal and void: Court costs, ten cents; Officers' salaries, twenty cents; Jail, ten cents; Pauper, ten cents; Sinking Fund for Time Warrants, twenty cents; York Elementary School Building, ten cents; Time Warrants W. P. A. Projects, ten cents; Wilder and Helena Schools, thirty-five cents; Old Age Pension Fund, fifteen cents.

The levy for Old Age Pension Fund is attacked upon the ground that Chapter 49, Public Acts 1937, authorizing the same, is unconstitutional and void because in contravention of Article 2, Section 17, of the Constitution of Tennessee. The other items of the levy are attacked upon various grounds, as will be hereinafter noticed.

The case was tried upon the pleadings and a written stipulation of facts. The trial judge sustained the validity of the tax levy as to each of the items challenged by plaintiff and dismissed the suit.

Plaintiff has appealed to this court and assigned errors.

The position taken by counsel for plaintiff is that because section 1045(1) of the Code authorizes the various counties of the State to levy, for general county purposes, upon all taxable property within the county which is subject to *ad valorem* taxation, a tax not to exceed forty cents upon the one hundred dollars of taxable property, which shall be in addition to special taxes for other purposes permitted by law, the items of the levy here complained of being in excess of the forty-cent levy fixed by the statute are invalid, not being permitted by general law, or by any private act applicable to Fentress County, the county having made a levy of forty cents for general county purposes.

We will consider the items complained of in the order they are challenged by the assignments of error.

(1) Court costs, ten cents. The stipulation shows that this levy was used to pay off warrants issued to jurors, witnesses, etc. Code, section 10242, provides for the appropriation by the county court for jurors and costs of criminal prosecutions, but no special tax is authorized to cover such items. Defendants seem to concede that the above-mentioned claims should be paid out of the general county fund. Counsel for defendants seek to relate this item to the duty of the county court to erect a courthouse and keep it in a state of repair. Code, section 752. And to levy a special tax for that purpose. Code, section 755. We see no connection whatever be-

tween the levy for court costs and the authority to erect a courthouse and keep it in repair. Appropriations for court costs must be paid out of the general county funds, derived from the forty-cent levy for general county purposes. The third assignment of error must be sustained.

■ (2) The ten-cent levy for jail purposes in addition to the forty-cent levy for county purposes is next challenged. It is the duty of the county court to erect a jail and keep it in repair at the expense of the county, and it may levy a special tax for that purpose. Code, sections 752 and 755. The item is assessed as "Jail tax." It is shown by the stipulation that the proceeds of this levy were used to pay off warrants issued to the Sheriff of Fentress County for jail turnkeys and for boarding prisoners. The special levy of "Jail tax" was valid. How the proceeds of the levy were disbursed is a question not affecting the validity of the levy, even though the fund may have been paid out irregularly. The fourth assignment of error must be overruled.

■ (3) The ten-cent levy for paupers in addition to the forty-cent levy for county purposes is next challenged. Section 4792 of the Code provides that the county court shall provide an asylum for the poor, and by section 4797 "are given full power to levy taxes and appropriate county funds" for such purpose. And by Code, section 4806, may apply any county money in the treasury that may be deemed proper to that purpose. It is stipulated that the funds derived from the "Pauper tax" were used for furnishing paupers and to pay the keeper of the poorhouse for boarding paupers. Code, section 10242, provides that the county court may appropriate money "for the support of the poor, lunatics, and idiots." No special tax is authorized by statute for this purpose. In

*Railroad Co. v. Hamblen County,* 117 Tenn., 327, 97 S. W., 455, it was held that the quarterly county court's levy of a special tax denominated "pauper tax" is not authorized by law, and is void; because there is no statute authorizing the levy of a special tax for the support of the poor, which is a general county purpose, and for which appropriations may be made out of the general county funds. The fifth assignment of error must be sustained.

█ (4) It is next complained that the county court had no authority to make a levy of twenty cents for officers' salaries, in addition to the forty-cent levy for county purposes. Section 10242 authorizes appropriations by the county court (6) to pay solicitors, sheriffs, and clerks for *ex officio* services; (7) to pay clerks for making out tax lists; (8) to pay county judge or chairman for his services as financial agent of the county; (9) to pay county judge for other services; and (10) to pay commissioners for settling with the officers intrusted with the collection of the public or county revenue. Such appropriations would be payable out of funds derived from the levy made for general county purposes. We have been cited to no statute expressly authorizing a special levy for "Officers' salaries."

It appears that the 1937 Legislature passed the following acts applicable to Fentress County: (1) Chapter 213, Private Acts 1937, created the office of county attorney and fixed his salary at $600 per year; (2) Chapter 212, Private Acts 1937, provided for three road commissioners at a salary of $30 a month, each; (3) Chapter 706, Private Acts 1937, put the circuit court clerk on a salary of $100 per month; (4) Chapter 10, Private Acts 1937, Second Extra Session, put the county court clerk on a salary of $100 a month.

These private acts do not in each instance provide out of what fund these salaries are to be paid, but are each made fixed charges on the county which must be met by some levy, the general levy, as asserted by counsel for defendants, not being sufficient to meet these fixed salary charges. It is contended for defendants that these acts by implication authorize the county court to make a levy for salary purposes; that this contention is strengthened by the provision contained in Chapter 706 that the salary of the circuit court clerk shall be paid "by warrant drawn on the County Funds or a special salary fund from the Treasury of said county." Section 2.

Article 2, Section 29, of the Constitution of the State provides, in part: "The General Assembly shall have power to authorize the several counties and incorporated towns in this State, to impose taxes for county and corporation purposes respectively, *in such manner as shall be prescribed by law.*" (Italics ours.) No tax has been prescribed by law for the levy of a tax to pay the salaries of officers in Fentress County. Such authority cannot, we think, be implied from a statute fixing the salary of an officer. The mandate of the constitution is plain that the tax must be levied "in such manner as shall be prescribed by law." This means direct authority conferred by the Legislature to levy the tax, and excludes authority claimed by mere implication from the fixing of salaries.

In *McLean* v. *State*, 55 Tenn. (8 Heisk.), 22, 268, 269, it was said: "The court can only impose the tax when authorized by the Legislature to do so, and the manner must be prescribed."

■ We hold that the item "Officers' salaries" is invalid. The sixth assignment of error is sustained.

■ (5) It is next complained that the county

court had no authority to levy a tax to cover "Sinking Fund for Time Warrants." It is agreed in the stipulation of facts that the money raised by this levy went to pay interest on outstanding county bonds. Fentress County has several bond issues. No attack is made on the validity of the bonds. It is presumed, then, that they were legally issued and are a direct outstanding obligation of the county. If this is so, it would seem that the county would have authority to levy a tax to pay interest and retire the bonds. The acts authorizing the bond issues are not cited to this court and we are not advised as to what provisions are contained therein, if any, relative to the payment of interest and the bonds at maturity. The eighth assignment of error is overruled.

(6) It is complained by the ninth and tenth assignments that the county court was without authority to levy ten cents for "York Elementary School Building" and ten cents for "Time Warrants W. P. A. Projects." With respect to these levies, it is insisted that the enabling Act (Chapter 11, Public Acts 1935, Extra Session) permitting counties to contribute to W. P. A. projects, requires the county to issue bonds for such projects instead of direct taxes.

It appears from the stipulation of facts that these levies were made to retire time warrants issued by the county to participate in Public Works Projects with the Federal Government to carry out these projects. Under the Act above referred to (carried into Williams' Code, section 4406(40) *et seq.*) the county court is authorized to levy unlimited *ad valorem* taxes to pay bonds and interest thereon. Fentress County did not issue bonds, but did issue its deferred time warrants. There is little distinction, in effect, between a time warrant and a bond.

Under the statute, the county should have issued its bonds. The county having authority to issue bonds, and it being irregular to issue time warrants, the county court could issue its bonds and make the same levy to pay for them. Plaintiff, we think, cannot recover the tax paid by him under the irregular levy, as the county court could correct the manner of doing what it originally had a right to do. These assignments are overruled.

(7) It is complained by the eleventh and twelfth assignments that the county court had no authority to make a levy of thirty-five cents for the Wilder and Helena schoolhouses. It appears from the stipulation of facts that the county issued its time warrants for $6,997 against the fund to be raised by this levy; that these warrants were accepted at par and that the county is bonded for less than 3 per cent of its assessed valuation for school purposes. The county had authority to issue bonds for building schools. Code, section 2557 *et seq.; State ex rel.* v. *Safley, Chairman, et al.,* 172 Tenn., 385, 112 S. W. (2d), 831. And may levy a tax to pay interest and principal. Code, section 2564. We are not to be understood as approving the issuance of time warrants in lieu of bonds, as the statute should be strictly followed. But, as stated in the preceding paragraph of this opinion, the county court could correct the manner of doing what it originally had the right to do and make the same levy to pay off the bonds. The two assignments are overruled.

(8) The thirteenth and fourteenth assignments of error raise the question of the constitutionality of Chapter 49, Public Acts 1937, known as the Old Age Pension Bill, under authority of which the county court levied a fifteen-cent tax for the "Old Age Pension Fund." It

is insisted that the Act violates Article 2, Section 17, of the State Constitution in that the body of the Act is broader than its caption. The caption is as follows:

"An Act to promote the public welfare by providing for public assistance to aged persons in need."

The insistence is, as we understand it, that the caption does not reveal that the counties are authorized to levy a tax in order to participate in the old age assistance provided by the Federal Government; the Federal statutes not requiring counties to levy a tax in order to participate in Federal funds. Certainly, a tax to provide funds for carrying out the purpose of the Act, as expressed in the caption, is germane thereto. The criticism made of the Act is without merit, and the assignments are overruled.

The assignments not hereinbefore specifically mentioned are either too general to be noticed, or embrace matters contained in other assignments.

The judgment of the trial court is ordered modified as herein indicated and as so modified is affirmed. The costs of the case will be equally divided and one-half thereof will be paid by plaintiff and defendants.