(No. 25793.—

THE PEOPLE *ex rel.* Ray W. BIRCH, County Collector, Appellee, *vs.* THE PENNSYLVANIA RAILROAD COMPANY, Appellant.

*Opinion filed December 12, 1940.*

WHITNEL, BROWNING, LISTEMAN & WALKER, for appellant.

THEODORE O. CUTRIGHT, State's Attorney, and WILTON A. CARR, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant seeks review of the judgment of the county court of Cumberland county overruling its objections to school taxes levied in school district No. 68 of that county for the year 1938. The facts are not in dispute.

School district No. 68 was organized under the general School law. In 1938, it levied for educational purposes a rate of $1.50 per $100 assessed valuation and for building purposes fifty cents for each $100 assessed valuation, making a total for all school purposes of $2. Appellant's objections are that the statutory limit of rate for educational purposes in 1938 was $1, and for building purposes thirty-seven and one-half cents, therefore the rate of $2 was ex-

cessive to the extent of sixty-two and one-half cents, amounting in taxes to the sum of $700.

Appellee contended, and the county court held, that the rate of $2 was authorized by an election held in the district on April 19, 1919, for the purpose of voting on increasing the tax for educational purposes to three per cent with a building rate of one per cent, making a total rate for all purposes of four per cent. No other election or method of authorizing any tax has taken place in the district since the election in 1919. Appellant says, here, that the law, as it existed at that time, did not authorize an election to vote on the proposition as presented on April 19, 1919, and such election was therefore a nullity. Appellant's counsel point out also that in 1919 the statute then in force fixed the ratio of assessed valuation of property at one-third its full value, and they say that assuming the rates approved in the election of April 19, 1919, were legally approved, yet by reason of the amendment of 1927 increasing the ratio of assessed value of property to its full value and reducing the rate theretofore authorized, the tax is still excessive, as the rate which might legally be applied is one-third of the rate authorized by statute in 1919.

Appellee says that section 189 of the School law, as amended in 1915, permitted a vote by the voters of district No. 68 on the question of increasing the amount of tax to be levied for educational and building purposes, and assuming that the rates approved at the April election in 1919 were greater than permitted by said section 189, at the time of the election, such election and all taxes that were levied pursuant to authority granted by the election, were validated by an act in force July 1, 1940.

It is conceded that if the election in April, 1919, was a valid election, the authorization continued until revoked either by an action of the voters of the district or by law. Section 189 of the School law as amended in 1915 and in force April 19, 1919 (Laws of 1915, p. 644) authorized

school districts such as No. 68 to levy one and one-half per cent for educational and one and one-half per cent for building purposes, and provided that at any general election or special election called for that purpose the voters of the district might determine whether the board should be authorized to levy for educational purposes a tax in excess of the statutory limit, but not exceeding two per cent, and for building purposes the levy should not exceed three per cent.

On April 3, 1919, House Bill No. 85 was approved, (Laws of 1919, p. 852,) amending section 189 of the School law, providing that a vote might be had on the question of increasing the levy to not more than three per cent for educational purposes and not more than one and one-half per cent for building purposes. This act was passed with a purported emergency clause and is pointed to by appellee as authority for the election held in April, 1919. It is conceded in the briefs, however, that the statement contained in the act as to the existence of an emergency was not sufficient to give the act immediate effect, and that it did not go into effect until July 1, with the result that there was no statute in existence authorizing an increase by the vote of the district to three per cent tax for educational purposes and one per cent tax for building purposes, as was done in this district. But appellee says, conceding that under the School law as in force in 1938, when the levy here under consideration was made, the limit of the rate for school taxes was $1 for educational purposes and thirty-seven and one-half cents for building purposes, and that the rate levied would be sixty-two and one-half cents in excess of the legal rate in the absence of a lawful vote authorizing an increased rate, yet, even though the vote of the district was not authorized, the rate levied by the district is valid by reason of a so-called validating act, passed in 1940, hereinafter referred to.

Counsel for appellee also say that the election in April, 1919, though unauthorized as to a rate of four per cent, should be taken as an authorization of such an increase as might, under the statute in effect at the time, have been authorized by vote, and that if this be done the tax is not excessive, since section 189 of the School law in 1919 authorized an increase by vote up to three per cent. If the election was not authorized by the statute, it was void and cannot be said to have authorized anything. It could scarcely be said to have been *pro tanto* a valid authorization. As conceded, the election was not authorized and is as though there had been no election, and appellee could, therefore, derive no authority in 1938 to make a levy amounting to $2 on the $100 valuation.

But, appellee says, the so-called validating act of 1940 has cured the defect. This act provided (First Sp. Sess. 1940, p. 54) that in all cases where, prior to January 1, 1920, a levy of three per cent for educational and one per cent for building purposes was authorized in a school district by a vote of the people, such election and all taxes levied pursuant thereto, are valid notwithstanding any objections which, except for the passage of the validating act, could have been made to the legality of such levies or such election. As we have seen, there was no statute authorizing the vote that was taken in this case and to hold this act effective as validating such election and levy, would be to approve a tax imposed upon the people of the district by the General Assembly in violation of sections 9 and 10 of article 9 of the constitution. (*People* v. *Illinois Central Railroad Co.* 310 Ill. 212; *Herschbach* v. *Kaskaskia Sanitary District,* 265 id. 388; *Wetherell* v. *Devine,* 116 id. 631; *Updike* v. *Wright,* 81 id. 49.) A validating act, so-called, cannot cure a lack of authority to act at all. (*People* v. *Wisconsin Central Railroad Co.* 219 Ill. 94.) While the General Assembly may pass a curative act waiving some

defect in the exercise of an existing power, where the thing waived is not necessary to the existence of the power, yet it cannot make valid, by a curative act, a void proceeding. (*Roberts* v. *Eyman,* 304 Ill. 413; *People* v. *Chicago, Milwaukee and St. Paul Railroad Co.* 310 id. 428; *People* v. *Chicago and Eastern Illinois Railway Co.* 365 id. 202.) The validity of a tax levy is to be determined as of the time it was made. The General Assembly has no power to increase, by a validating act, any particular tax levy after it has been made. *People* v. *Baum,* 367 Ill. 249.

The school district in this case had no authority, on the date it attempted to do so, to vote for approval or authorization of the increase of taxation voted by it. The election was a nullity. The statute at the time the levy before us was made, authorized a total for educational and building purposes of $1.37½ on each $100 assessed value of property. It follows that the levy here, in the amount of $2, is excessive to the extent of sixty-two and one-half cents on the $100 valuation, and the county court erred in overruling appellant's objection to the tax.

The judgment of the county court is reversed and the cause is remanded to that court, with directions to sustain appellant's objections.

*Reversed and remanded, with directions.*