On the relation of Fred Close, county superintendent of schools of Mercer county, the State's Attorney of that county filed a complaint in quo warranto against the members of the board of education of Aledo Community High School District No. 110, Mercer county, Illinois, to require them to show by what authority they exercised powers as members of such board. The pleadings presented a question as to the validity of the organization of said district No. 110. On the hearing of evidence, it was conceded that all the requirements of the statute for the organization of the district had been complied with and that the district was validly organized except for whatever effect the court might give to the organization of Community High School District No. 126, which was organized prior to district No. 110. Certain sections of land included in district No. 110 had been included in the proceedings for the organization of district No. 126. It was contended that the overlapping of territory rendered the organization of No. 110 invalid. Defendants contended that district No. 126 was never legally organized and that, therefore, the proceedings showing such attempted organization did not affect the organization proceedings of district No. 110. The circuit court sustained the organization of district No. 110, and this appeal followed.
The Aledo Community High School District No. 110 was organized in 1940 and has been maintaining a community high school since that time. In reference to the *Page 518 
organization of District No. 126, the evidence shows that on January 22, 1920, a petition signed by a number of persons was filed with the county superintendent of schools of Mercer county praying an election be called for the purpose of voting on the proposition of organizing the territory described in the petition into a community high school district. The proceeding was called under and pusuant to section 89a, added to the School Law in 1919. (Laws of 1919, p. 908.) The county superintendent granted the prayer of the petition and called an election to be held February 4, 1920. The notices of the election fixed an impossible date, a date which had already passed, January 20. Notwithstanding such defective notice, a number of persons voted on February 4, a majority of whom voted in favor of the organization of the district. Such election was followed by the election of members of a board of education. The county superintendent declared the district duly organized and filed a certificate designating it as Community High School District No. 126 of Mercer county. Taxes were levied for each of the years 1921-25, inclusive, but the district never erected a school building or maintained a high school. No election has been held in more than twenty years to select members of the board of education.
Appellant submits the case on the theory that the defect in the notices of election was validated by the validating act of 1921. (Laws of 1921, p. 797.) That act was considered in People ex rel.Morris v. Opie, 301 Ill. 11, and material parts of the statute were set forth in that opinion. They will not be repeated here, but reference is made for such provisions to that case. The gist of that opinion was that defects in notices of elections called under certain sections of the School Law were validated by the curative act of 1921. If that case controlled at this time, it would be necessary to hold that the validating act cured the defect *Page 519 
in the notices of election in district No. 126, and this would be true notwithstanding the fact that the election in this district was virtually held without any notice. How it happened that so many voters went to the polls on February 4 is not known, but it is clear it was not because of any information obtained from the notices that were posted.
Since the decision in the Opie case, other cases involving similar validating acts pertaining to notices of election have come to this court and the rulings in those cases in reference to such question were contrary to the pronouncement in the Opiecase. (Roberts v. Eyman, 304 Ill. 413; People ex rel. Mark v.Hartquist, 311 Ill. 127.) Finally in People ex rel. Reich v.McCoy, 387 Ill. 288, the question came before this court again. In the consideration of that case we re-examined our former decision and concluded that the reasoning and logic of the Eyman
and Hartquist cases were sound and should prevail. Statements to the contrary in the Opie case were expressly overruled.
Appellant contends that we should revert to the rule announced in the Opie case. No reasons are advanced in support of such contention that were not considered in the McCoy case. We adhere to the conclusion reached in the McCoy case, and, under the authority of that ruling, it will be held that the validating act of 1921 did not cure the defect in the notices of election held in district No. 126, and that said district was never legally organized, and that the proceedings and record pertaining to its attempted organization had no effect upon the organization of Aledo Community High School District No. 110, Mercer county.
The judgment of the circuit court is affirmed.
Judgment affirmed. *Page 520