CINCINNATI, N. O. & T. P. RY CO. *v.* RHEA COUNTY *et al.*

(KNOXVILLE, September Term, 1951.)

Opinion filed June 7, 1952.

WHITAKER, HALL & HAYNES, of Chattanooga, and O. W. McKENZIE, of Dayton, for appellant.

C. P. SWAFFORD, of Dayton, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The complainant, Cincinnati, New Orleans and Texas Pacific Railway Company, filed its bill in the Chancery

Court of Rhea County, Tennessee, against the defendants, Rhea County and Jim Conner, Trustee of said County, seeking to recover the total sum of $19,138.43 in taxes, penalty and interest paid by the complainant to the defendant under protest.

The bill alleged that at the July term, 1949, the County Court of Rhea County adopted a budget and tax levy for the year, 1949, which provided the following amounts of taxes for the purposes expressed on each $100 worth of taxable property within the County:

| | |
|---|---|
| County General | $ .28 |
| Charitable and Penal | .14 |
| Debt Service | 1.00 |
| Veterans Service Officer | .03 |
| Health Unit | .03 |
| Farm and Home Agent | .03 |
| Regional Library Service | .01 |
| Law Enforcement and Jail | .31 |
| Court Costs | .03 |
| City of Dayton School Balance | .02 |
| Old Age Pension and Dependent Children | .38 |
| Crippled Children's Service | .01 |
| Schools | 2.00 |
| TOTAL | $4.27 |

The complainant alleged that of the foregoing levy the following items are authorized as special levies by the Legislature:

| | |
|---|---|
| Debt Service | $1.00 |
| Health Unit | .03 |
| Regional Library | .01 |
| Old Age Pension and Dependent Children | .38 |
| Schools | 2.00 |
| TOTAL | $3.43 |

Contention is made that deducting the authorized special levies of $3.42 from the total tax levy of $4.27 would leave a balance of .85 cents upon each $100 worth of taxable property that is not authorized by statute and would be for general county purposes; that inasmuch as counties are permitted by statute, Code Section 1045.1, to levy a tax of only .40 cents for general county purposes the levy of .85 cents is excessive and void to the extent of .45 cents, which the complainant was compelled to pay under protest.

The complainant seasonably paid $160,855.50 to the defendant, based upon the assessment of its property at the tax rate of $3.82 on the $100 worth of its taxable property in Rhea County. It refused to pay $18,948.95, the tax generated by the void .45 cents assessment. No action was taken by the defendant to collect the aforesaid unpaid balance of taxes until after the passage of the validating Act to which reference is now made.

On February 28, 1951, the Legislature enacted Chapter 276 of the Private Acts of 1951, which was an Act to validate the 1949 tax levy for Rhea County and to forgive any penalty and interest on the validated taxes until thirty (30) days after the passage of the Act. The bill alleges that the aforesaid Private Act is unconstitutional as being violative of Article 1, Section 20 of the Constitution of Tennessee, which provides: ''That no retrospective law, or law impairing the obligations of contracts, shall be made.''

The complainant further alleges that Chapter 276 of the Private Acts of 1951 is null and void for the reason that the Legislature has no power to make valid an action by a county which was void under the laws existing at the time the action was taken. Following the passage of

the Act assailed the complainant paid to the County under protest the sum of $19,138.43.

The defendant demurred to the bill as amended on the ground that the Act in question was valid because (1) there is a valid reason stated in the Act for its passage, and (2) the Act does not suspend the general law. The Chancellor sustained the demurrer and granted complainant an appeal to this Court. The sole question presented on the assignments of error is the contention that the validating Act is unconstitutional and can have no retroactive effect.

Conceding that the tax levy of .85 cents was for general county purposes and that Rhea County could not lawfully collect more than .40 cents for such purposes as provided by Code Section 1045.1, the excess of .45 cents, to be valid and collectible, would have to be authorized by the Legislature for some special purpose. The taxing authority of Rhea County was doubtful as to the County's right to collect the excess of .45 cents, and hence the passage of the validating Act. Able counsel for the complainant railroad stress the point that it is a retroactive statute, and is in violation of Article 1, Section 20 of the State Constitution; also that the Legislature had no power to validate an assessment that was void when the levy was made.

▮▮ It is settled law in this State that all ad valorem taxes authorized by the County Court in excess of that which is fixed by the general law, Code Section 1045.1, are void unless they are for a specific purpose and so declared by the Legislature. *Storie* v. *Norman,* 174 Tenn. 647, 130 S. W. (2d) 101. If not so declared it would be in violation of Article 11, Section 8 of the Constitution. In *Southern R. Co.* v. *Hamblen County,* 115 Tenn. 526,

92 S. W. 238, it was held: "Special tax levied by a county must show its purpose, or it is void". Where it appears that the tax is not for a special purpose, but the procedure was a colorable device to evade the statutory limitation for general county purposes, the levy is void. *State ex rel. Campbell County* v. *Delinquent Taxpayers,* 183 Tenn. 64, 191 S. W. (2d) 153.

Considering now the curative power of a Legislature to validate a tax that is levied by the County Court which is void as not being for a special purpose, we think it may do so only if the Legislature could have authorized the levy in the beginning. The Legislature would have no authority to pass a validating statute which purports to impair the obligations of a contract. The same is true where the Act takes away from private citizens their vested interests in property without due process. *Shields* v. *Clifton Hill Land Co.,* 94 Tenn. 123, 28 S. W. 668, 26 L. R. A. 509; *Dark Tobacco Growers' Co-op. Ass'n* v. *Dunn,* 150 Tenn. 614, 266 S. W. 308.

In *Muse* v. *Town of Lexington,* 110 Tenn. 665, 76 S. W. 481, it is held:

"It is beyond doubt within the power of the legislature to give force and effect to an act invalid for irregularities, where it has power to authorize in advance such act to be done." To the same effect is *Soukup* v. *Sell,* 171 Tenn. 437, 104 S. W. (2d) 830.

The complainant earnestly insists that the curative power of the Legislature in tax matters is limited to instances of the *irregular exercise of a delegated power;* that the Legislature cannot cure the want of authority to act in the first instance, citing and relying upon *People ex rel. Pearsall* v. *Chicago, M. & St. P. R. Co.,* 1923, 310 Ill. 428, 141 N. E. 827, and *Atchison, T. &*

*S. R. Co.* v. *Woodcock,* 1877, 18 Kan. 20, also other decisions from the Illinois Supreme Court. In support of the foregoing contention counsel for the complainant say that the validating Act of 1951 has the effect of depriving it of particular vested rights under the general law; that the said Act fixed a new and additional lien upon its property, etc. Our response to this is that no taxpayer has any vested rights under a taxing statute. *Grim* v. *Weissenberg School Dist.,* 1868, 57 Pa. 433, 98 Am. Dec. 237.

In *Iowa Railroad Land Co.* v. *Soper,* 1874, 39 Iowa 112, · the Court said: "But the legalizing of a tax, which but for the legalizing act was invalid and not capable of being enforced, does not interfere with any vested right of the taxpayer." See also numerous cases cited in 140 A. L. R. at page 970 to the same effect.

While we have no case in this State dealing with this exact question, we think the great weight of authority from other jurisdictions supports the constitutionality of the Validating Act. 140 A. L. R. 967.

It is not in the least doubtful that the Legislature could have authorized the levy of an ad valorem tax in excess of the .40 cents allowed by the general law, provided it was for a special purpose as distinguished from a general county purpose. *Baker* v. *Milam, County Judge,* 191 Tenn. 54, 231 S. W. (2d) 381, and cases cited. The Private Act of 1951 in validating the excess levy of .45 cents states in its preamble and in the body of the Act the purposes for which the excess tax is to be used. Section 1 of the Act gives the rate that is to be levied for each specific purpose, the total amount being $4.27, and is identical with the assessment levied by the County Court for the year, 1949. The Act provides that "to

the extent that said levy exceeds the limitation fixed by Chapter 3 of the Public Acts of the first Extraordinary Session of the General Assembly for the year 1931, be, and the same is hereby expressly validated and made fully effective.'' Our conclusion, based upon the authorities cited, is that the validating statute does not violate Article 1, Section 20 of the State Constitution.

We find no merit in the contention that the validating Act violates Article XI, Section 8 of the Constitution in that it undertakes to suspend the general law in favor of Rhea County, conferring a benefit that is not enjoyed by other counties. *Nashville C. & St. L. Ry.* v. *Marshall County,* 161 Tenn. 236, 30 S. W. (2d) 268.

The assignments of error are overruled and the Chancellor's decree is affirmed.